*Northern District*

No. 5504

UNITED INTERCHANGE INC. OF MASS.

v.

FRANCES L. AUSTIN

(May 19, 1961)

*Present:* Brooks, P. J., Eno & Northrup, JJ.

Case tried to *Artesani, J.,* in the Third District Court of Eastern Middlesex. No. 1490 of 1960.

*Brooks, P. J.* This is an action of contract in which plaintiff seeks to recover $625 for advertising services rendered by plaintiff to defendant on a contract in writing. The answer is general denial, failure of consideration, and denial of signature.

*There was evidence introduced at the trial as hereinafter set forth.* Defendant and representative of plaintiff on November 3, 1958, signed a contract wherein the defendant authorized plaintiff to advertise her property in Concord, Massachusetts, described as a Guest House, for sale. In return plaintiff was to receive $625. One paragraph of this agreement contained the following sentence. "This agreement shall become effective only when accepted by your office in Boston, Mass., and you shall notify me of such acceptance by letter."

The Boston Manager of plaintiff testified that he signed and mailed a letter of acceptance to defendant on November 4, 1958, which letter was never returned. Defendant testified that she never received the above letter and that on December 18, 1958, she sent a letter to plaintiff cancelling her offer to advertise as per the contract. By that time, defendant's order had gone to press and had been completed.

At the close of the trial, plaintiff filed requests for rulings of law, some of which, namely, — Nos. 6 to 13 inclusive, are not here pertinent and are therefore omitted:

1.   On the evidence introduced by the plaintiff, a finding is *warranted* that the plaintiff entered into a contract in writing with the defendant whereby the plaintiff agreed to advertise the sale of the defendant's business by publications of an advertisement in the U.I. Buyers Digest and the U.I. Brokers Bulletin, and the defendant agreed to pay to the plaintiff therefore the sum of Six Hundred Twenty-Five Dollars ($625.00).

2.   On the evidence introduced by the plaintiff, a finding is *warranted* that in accordance with the terms of said written contract, the plaintiff accepted same on November 4, 1958.

3.   On the evidence introduced by the plaintiff, a finding is *warranted* that subsequent to the plaintiff's acceptance of the said written contract, the plaintiff advertised the sale of the defendant's business and did everything it was required to do under the terms of the contract dated November 3, 1958.

4.   On the evidence introduced by the plaintiff, a finding is *warranted* that demand for payment was made by the plaintiff on or before February 4, 1958.

5.   On the evidence introduced by the plaintiff, the Court is *warranted* in finding that the defendant is indebted to the plaintiff in the sum of $625, together with a reasonable attorney's fee

in the sum of $112.50 or a total of $737.50 together with interest thereon.

14. The evidence introduced by the plaintiff is insufficient to *warrant* the Court to find for the plaintiff.

15. The evidence introduced by the defendant is insufficient to *warrant* a finding for the defendant.

The Court granted plaintiff's requests Nos. 1 through 14, and denied No. 15.

The Court found the following facts:

"The Court finds that on November 4, 1958, the defendant executed an authorization to the plaintiff for the plaintiff to publish in certain periodicals, advertisements for the sale of the premises in Concord owned by the defendant. I further find that the said authorization was 'to become effective only when accepted by the officers of the plaintiff in Boston, Massachusetts, and that you (the plaintiff) shall notify me of such acceptance by letter.' I further find that on all the evidence, that the authorization was never accepted by the plaintiff and that, therefore, there was no contract between the parties. I further find that the defendant, not having received a letter of acceptance, sent to the plaintiff on Dec. 18, 1958, a letter cancelling the application of authorization."

"I, therefore, find for the defendant."

Defendant claimed to be aggrieved by the

finding of the court and the rulings and re-
fusal to rule as requested.

Plaintiff was denied recovery in this case
because the judge found that it had not .com-
plied with the provision of the contract re-
quiring it to accept defendant's authorization
to advertise her property, — such acceptance
to be evidenced by a letter from defendant.
The judge apparently did not believe the
statement of plaintiff's agent that he had sent
a letter of acceptance.

Plaintiff's counsel has argued that
there having been evidence of the mailing of
plaintiff's letter of acceptance, the agreement
had become effective and defendant could not
withdraw. Two cases are cited in support of
this contention. In *Briggs v. Hurvey*, 130
Mass. 186, where the judge properly excluded
evidence letters demanding rent had been
properly mailed by defendant, it was said at
page 188:

> "The depositing in the Post Office of a letter
> properly addressed, with the postage prepaid, is
> *prima facie* evidence that the person to whom it
> was addressed received it. . . . The evidence that
> letters were so deposited was competent and should
> have been submitted to the jury to be weighed
> by them in connection with the other evidence
> in the case. They alone have the right to decide
> whether the inference that the letters were re-
> ceived founded upon the probability that the
> officers of the government will do their duty and

that letters will be duly delivered is overcome by the other evidence."

■ In *Tobin v. Taintor,* 229 Mass. 174, the suit involved a claim for injuries caused by snow and ice in which it was necessary to prove notice. There was testimony from plaintiff that notice had been mailed; also testimony from defendant that notice was not received. The judge was asked to rule as a matter of law that no notice had been sent. His refusal was upheld, the court saying, inter alia:

"As there was evidence that the notice was sent and received, the judge could not say as a matter of law that it did not reach the defendant. Notwithstanding his testimony that he did not receive it, it was a question of fact for the jury."

■ While proof of the mailing of a letter may be *prima facie* evidence of receipt thereof by the addressee, the evidence is subject to rebuttal like any *prima facie* evidence. Evidence of such rebuttal is defendant's testimony that she never received the letter.

■ The judge does not have to believe one rather than the other of these witnesses. Obviously, he believed defendant.

■ Lack of receipt of the letter was some evidence that it was not sent.

■ This, in turn, was some evidence that the agreement had not been accepted. The judge, as his disposition of the requests for rulings indicated, could have found on the

evidence for plaintiff. However, the crucial request No. 15, indicates his reliance on defendant's rather than on plaintiff's testimony.

There was no error in the Court's findings and rulings.

*Report dismissed.*

Wasserman & Salter of Boston, for the Plaintiff.
Francis Juggins of Boston, for the Defendant.