Sherman, PJ.
This is an action in tort to recover for personal injuries sustained by the plaintiff in a fall on the defendant’s allegedly unsafe business premises.
lilis case is before this Division upon the plaintiffs appealfrom the allowance of the defendant’s motion to dismiss on Statute of Limitations grounds. Our review of this straightforward question of law was needlessly hampered by the critical deficiencies of the trial court docket. Not the least of the docket’s significant omissions is the absence of any indication that it was the defendant, rather than the plaintiff, who ultimately prevailed in the trial court on the limitations issue.
The report indicates that the following constitutes the relevant chronology of procedural events in this case.
On January 28,1988, the plaintiff slipped and fell on what she alleges were the negligently maintained business premises of the defendant.
On January 24, 1991, plaintiff’s counsel mailed the complaint by first class mail, postage prepaid to the Lynn Division by depositing it in a mailbox in his office building. The box had a next scheduled United States mail pick-up the next morning, Friday, January 25,1991.
The G.L.c. 260, §2A three year limitations period for the commencement of this action expired on January 28,1991.
The plaintiff’s complaint was date-stamped and entered on the docket of the Lynn Division on February 4,1991. The One Hundred and Eleven ($111.00) Dollar check *165 written by plaintiff s counsel for the filing fee was entered on the trial court books and deposited in the bank on February 11,1991.
On April 23,1991, the defendant filed an answer, request for jury trial and “notice of removal to the Superior Court.”[2] The defendant’s answer included the affirmative defense that the action was time-barred by the Statute of Limitations.
On July 18,1991, the defendant filed a Dist./Mun. Cts. R Civ. P., Rule 12(b) (6) motion to dismiss based on the Statute of Limitations, together with a supporting memorandum. In an affidavit in opposition to the defendant’s dismissal motion, plaintiffs counsel outlined the chronology of events from his mailing of the complaint on January 24,1991 through the trial courf s deposit of his filing fee check on February 11,1991.
The defendant’s dismissal motion was allowed, after hearing, on July 26,1991. No notice of the court’s action was sent by the trial court clerk.
On September 3,1991, the plaintiff filed a motion, supported by affidavit, for the rehearing and reconsideration of the courf s dismissal order, and requested a hearing on Friday, September 6,1991. The motion, with notice of the requested September 6,1991 hearing date, was served on defendant’s counsel. The clerk’s office instead marked the motion for hearing on September 9,1991, on which date a second judge of the Lynn Division endorsed the following order on the plaintiffs motion:
Plaintiff s motion for rehearing and reconsideration of court order allowing defendant’s motion to dismiss is granted. On rehearing, motion to dismiss is denied.
The plaintiffs motion was apparently allowed without oral.argument by either party.
The docket is devoid of any reference to the courf s September 9,1991 action. The docket does contain a September 18,1991 entry showing the filing by the defendant of a request for a report and draft report.
More significantly, the docket shows no subsequent activity in the case until November 22,1991, at which time the plaintiff filed a request for the report which is now before us. However, the report indicates that in early November, 1991, the second judge reconsidered his September 9,1991 order, and this time allowed the defendant’s motion to dismiss.
1. No issue of law arises as to the authority of the second judge to reconsider and reverse not only his own order of September 9,1991, but also the July 26,1990 order of the first judge. See discussion in Gianelli v. Vatco Indus. Inc., 1986 Mass. App. Div. 10, 12-13 and cases cited.
Massachusetts case law is sparse on a successor judge’s reconsideration and modification of the decisions of aprior judge who is not absent orwho has not recused himself. Although, as a general rule, there is no lack of judicial power prior to final judgment[3] to overrule, vacate or modify the rulings of a another judge in the same court, the established judicial policy in this area is that “a judge should hesitate to undo his own work. ... Still more should he hesitate to undo the work of another judge.” Peterson v. Hopson, 306 Mass. 597, 603 (1940). Such reconsideration may, of course, be occasionally warranted “in the light of subsequent events, the public interest or the interests of the parties,” Commonwealth v. Carrunchio, 20 Mass. App. Ct. 943, 944 (1985).
2. Our review of the merits of the court’s order requires an initial, procedural note. Given the trial courf s consideration of plaintiff counsel’s affidavits, and an affidavit of *166 an employee in the trial court clerk’s office,[4] we treat the judge’s allowance of the defendant’s dismissal motion as a grant of summary judgment in the defendant’s favor pursuant to Dist./Mun. Cts. R. Civ. P., Rule 56.[5] Cousineau v. Laramee, 388 Mass. 859, 868 n.2 (1983).
3. The plaintiff s sole argument on this appeal is that summary judgment should not have been entered for the defendant because there exists a genuine issue of fact as to whether her complaint was actually received by the Lynn Division on a date both prior to the date of docket entry and within the applicable limitations period. It is clear from the pleadings and affidavits on file, however, that the plaintiff has failed to advance specific facts sufficient to raise any issue concerning the commencement of this action prior to the expiration of the Statute of Limitations period.
The plaintiff’s averments are limited to counsel’s posting of the complaint by first class mail on Thursday, January 24, 1991, four days prior to the running of the limitations period. It is elementary that Massachusetts law presumes the regularity of the mails, Federal Insurance Co. v. Summers, 403 F.2d 971 (1st Cir. 1961), and that the deposit of a properly addressed, postage-prepaid letter in the post office or other mail box[6] is primafacie evidence that the addressee received it in the ordinary course of the mails. United Interchange Inc. of Mass. v. Austin, 21 Mass. App. Dec. 125, 129-130 (1961). Receipt in “the ordinary course” of the mails is not, however, receipt at a particular time. There is no legal presumption that a letter mailed on a given date is actually received on a specific, subsequent date. It is in fact common knowledge that delays of varying lengths often occur in the course of mail delivery. Oxford Bank v. United States, 44 F.2d 253, 254 (Ct. Claims 1930). Thus the plaintiff s averments, which we accept as true for Rule 56 purposes, that the complaint was properly mailed on Thursday, January 24, 1991 in a mailbox with a next scheduled pick-up on Friday, January25, 1991, provide no practical or legal basisfor determining that the complaint was actually received in the Lynn Division on or before Monday, January 28,1991, the date on which the G.L.c. 260, §2A three year limitations period expired.
Conversely, there is evidence, unrebutted by the plaintiff, that the complaint was not received in the Lynn Division until February 4,1991 when itwas date stamped and entered on the docket by the clerk. Pursuant to at least the Massachusetts Rules of Criminal Procedure, a court docket is to be considered prima facie evidence of the facts recorded therein. Barry v. Commonwealth, 390 Mass. 285, 289 (1983). The plaintiff has failed to advance specific facts sufficient to overcome such prima facie evidence and to survive the defendant’s summary judgment motion. The plaintiffs attempted collateral attack of the Lynn docket is premised on nothing more than speculative inferences of the general inefficiency of the Lynn clerk’s office and the inaccuracy of Lynn’s dockets drawn solely from the suggestions of poor bookkeeping and check depositing practices in this particular case.
*167 Rule 3 of the Dist/Mun. Cts. R Civ. P. provides, in relevant part:
A civil action is commenced by (1) mailing to the clerk of the proper court by certified or registered mail a complaint and an entry fee prescribed by law; or (2) filing such complaint and an entry fee with such clerk.
In utilizing first class rather than certified or registered mail, the plaintiff assumed the risk that the mailed complaint would arrive for filing purposes prior to the expiration of the applicable limitations period. He gambled and lost. Certified or registered mail would have constituted evidence sufficient to rebut the clerk’s assertion as to the date of complaint receipt. In the absence of such evidence and in view of the court docket, the trial judge correctly ruled that this action was not instituted until February 4,1991 and was thus barred by the Statute of Limitations.
Our holding in this case in no way diminishes our continuing criticism of material inaccuracies and deficiencies in trial court dockets[7] which not only constitute nothing less than a clerk’s abdication of responsibilities imposed by statutory mandate and rule of court, see G.L.c. 221, §14; Dist./Mun. Cts. R Civ. P., Rules 58 and 79, but also seriously impede the efforts of every trial and appellate court to do justice in a case and to render decisions for the benefit of the bar and the public we seek to serve. Nor is our holding a departure from the prevailing rule that aggrieved parties may, upon sufficient proof, collaterally attack trial court dockets and pursue other avenues of relief traditionally available to them.
The trial court’s allowance of the defendant’s motion, treated as one for summary judgment, is hereby affirmed. The trial court clerk is ordered to enter judgment for the defendant pursuant to Rules 58(a) and 79(a).

There is no indication that the defendant filed the appropriate G.L.c. 231, §104 entry fee and bond. In any event, the case was not transferred to the Superior Court Department.

 Judgment had not been entered pursuant to Rules 58(a) and 79(a) at the time of the second judge’s reconsiderations either on September 9, 1991 or in November, 1991.

 This affidavit attested to the February 4,1991 receipt, stamping and entry of the plaintiffs complaint, and attempted to explain the lack of any notice to the parties of the first judge’s July 26,1991 allowance of the defendants dismissal motion.

 Rule 12 (b) prorides, in relevant part: “If, on any motion asserting the defense number (6), to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as oneforsummary judgment and disposed of as provided in Rule 56, and all parties shallbegiven reasonable opportunity to present all material made pertinent to such a motion by Rule 56.” The defendant has neither offered any objection to the court’s consideration of plaintiffs affidavits, nor claimed to be aggrieved by any failure of the trial court to advise the parties of its intention to proceed under Rule 56. See Stop & Shop Co. v. Fisher, 387 Mass. 889, 893 (1983). Cf. Marine U.S.A., Inc. v. Metlife Capital Credit Corp., 25 Mass. App. Ct. 302, 317319 (1988).

 The fact that plaintiffs counsel posted the complaint in an office building letter box as opposed to the post office is, of course, not determinative. A letter deposited in a street or other mail box is as truly mailed as if the letter were deposited in abox within the post office itself. Casco Nat'l Bk. v. Shaw, 10 A. 67 (Me. 1887).

 In this case, the dockets omissions create the false impression that the second judge took no action afterSeptember9,1991, andthatthe wrongparty wasin factpressing an appeal. Absent from the docket are the critical entries that the court responded to the defendant’s reconsideration motion and reversed his own September 9,1991 order.