Merrick, J.
This is an action in contract on an account annexed for insurance premiums. The case is before this Division on the defendant’s appeal of the denial of his Dist./Mun. Cts. R Civ. P., Rule 60(b) motion for relief from a default judgment.
The action was commenced by a complaint filed on June 14, 1991. The return of service reflects that a deputy sheriff served the summons and complaint on July 1, 1991 “by leaving at the last and usual place of abode of Robert Centore, 51 Bailey Lane, Georgetown, Mass. A copy of this summons was mailed First-Class to the Defendant at the above address.”
No answer was filed and on January 3, 1992, a default judgment was entered. The docket indicates that “notices” (in the plural) were sent, although notice need not be sent to a party in default for failure to appear. Dist./Mun. Cts. R Civ. P., Rule 77(d).
On April 13, 1992, the defendant filed a motion for relief from judgment and to recall the execution pursuant to Dist./Mun. Cts. R Civ. P., Rule 60(b) .[2] The motion alleged, in defense to the plaintiffs claim, that the defendant was not personally liable for payment of the insurance premiums which were the corporate debt of Centore Contracting, Inc., a corporation organized by the defendant in 1988.
In a supporting affidavit, the defendant claimed that he did not learn of this lawsuit until March 30, 1992 when he received a copy of the execution from a process server. By way of explanation of his failure to receive the summons and complaint left at his residence on July 1, 1991, the defendant averred that he does not have a mailbox or mail slot at his home because he receives all his mail at his post office box. He further asserted that he has neither a posted street number, nor a storm or screen door on his *219 house, that his front door is at ground level with no porch and that the area in front of the house is wide open. Such conditions also purportedly accounted for the defendanf s failure to receive the copy of the summons mailed to him at “51 Bailey Lane.” The defendant averred thatthe absence of aposted street number and mailboxathishouse had resulted in problems with the delivery of mail addressed to his street address rather than to his post office box.
In opposition to the defendant’s Rule 60(b) motion, the plaintiff filed the counter-affidavit of its counsel with attached copies of correspondence with the defendant. The documents disclose communication between the parties subsequent to service on the defendant. In reply to defendanf s inquiries, plaintiff s counsel advised, by letter of August 26, 1991 addressed to the defendant’s post office box, thatthe defendant had failed to make promised periodic payments on the insurance premiums and that “I will grant you until September 8, 1991 to file your response to the complaint.” On September 4, 1991, the defendant called plaintiffs counsel and offered to pay $500.00 per month on the account. The defendant never made those payments, and failed to respond to numerous reminders from plaintiff’s counsel which were made prior to entry of the default judgment by mail addressed to the defendant’s post office box and by messages left on the defendant’s telephone answering machine.
1. Although the defendant’s motion for relief from judgment does not by its terms rely on any particular subsection of Dist./Mun. Cts. R. Civ. R. Rule 60(b), the defendant’s brief to this Division references subsections (1) (“excusable neglect”), (4) (“void judgment”), and (6) (“any other reason justifying relief’). The defendant’s motionfails, however, to setforth any groundsfor relief cognizable under subsections (4) and (6) of Rule 60(b).
The concept of a void judgment from which a party is entitled to relief pursuant to Rule 60(b) (4) is narrowly construed. Harris v. Sannella, 400 Mass. 392, 395 (1987). Ajudgmentisvoid only when entered without due process of law, or by a court which lacks either subject matter jurisdiction or personal jurisdiction over the defendant. Bowers v. Board of Appeals of Marshfield, 16 Mass. App. Ct. 29, 32 (1983). The defendant argues that he was entitled to Rule 60(b)(4) relief on the basis of his “uncontroverted” affidavit which established that the default judgment was void for lack of personal jurisdiction due to lack of proper service. On the contrary, the defendant’s affidavit was not only controverted, as was conceded at oral argument, but at best asserted only that the defendant did not get actual notice, not that service was improper. Compare Metivier v. McDonald’s Corp., 16 Mass. App. Ct. 916, 918 (1983). The record in this case includes the deputy sherifPs return of service. As between the parties, the deputy’s return of service is conclusive as to matters properly the subject of a return by him. United Drug Co. v. Cordley & Hayes, 239 Mass. 334 (1921). As the return recites proper service, the judgment is not void.
A Rule 60(b) (6) motion must be predicated on a showing of extraordinary circumstances, Artco v. DiFruscia, 5 Mass. App. Ct. 513, 517 (1977), for which relief would be unavailable under Rule 60 (b) (1) through (5). Chavoor v. Lewis, 383 Mass. 801, 805-806 (1981). A claim that the defendant did not get actual notice despite proper service cannot be addressed under Rule 60 (b) (6) if it can be raised under Rule 60 (b) (1). Bird v. Ross, 393 Mass. 789, 791 (1985). As the defendant’s motion was filed approximately three months after the entry of judgment, his claim of lack of actual notice was timely raised under Rule 60(b) (1). Bushnell v. Bushnell, 393 Mass. 462, 474 (1984).
2. A Rule 60(b)(1) motion for relief from judgment is addressed to the sound discretion of the trial judge. Scannell v. Ed. Ferreirinha & Lda., 401 Mass. 155, 157-158 (1987). Although it is the keystone of Massachusetts judicial policy in this area that such discretion be applied “toward the objective that legal procedure becomes the vehicle for determination of the issues upon their merits instead of upon refinements of procedure,” Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426, 429 (1979), relief under Rule 60(b) (1) is not automatic. Judgment may be vacated “only if the party seeking relief demonstrates that the mistake, inadvertence or neglect was *220 excusable and ‘was notdue to his own carelessness.’” Murphy v. Administrator of Div. of Personnel Adm., 377 Mass. 217, 228 (1979).
There is nothing in the record herein to compel the conclusion that the defendant’s failure to answer the complaint was attributable to any mistake or neglect that was excusable. The defendant’s own affidavit indicates that his alleged failure to receive the summons and complaint resulted solely from the arrangement of the front of the defendant’s house which would have effectively frustrated any delivery of process, by officer or mail, in accordance with Dist./Mun. Cts. R. Civ. R. Rule 4(d) (1) and G.L.c. 223, §31A
Moreover, the defendant’s claim of lack of actual notice was controverted not only by the return of service, which recited both G.L.c. 223, §31A deliveiy and mailing, but also by the affidavit of plaintiffs counsel which indicated contact by the defendant about settlement shortly after the deputy’s deliveiy and mailing of process, and counsel’s confirming correspondence extending time “to file your answer to the complaint.” The assertions of mailings by the deputy sheriff and counsel constitute prima facie evidence of their receipt by the defendant. Migliore v. Purity Supreme Supermarkets, Inc., 1992 Mass. App. Div. 164, 166; United Interchange Inc. of Mass. v. Austin, 21 Mass. App. Dec. 125, 129-130 (1961).
Finally, the defendant’s assertion of a “meritorious defense” to the plaintiffs claim[3] did not per se entitle the defendant to relief from judgment, or obviate the Rule 60(b) (1) requirement for a threshold showing of neglect or inadvertence which was excusable. Zisler v. Ayan, 1992 Mass. App. Div. 95, 97 and cases cited. The record clearly warranted a reasonable inference by the trial judge that the defendant had carelessly, if not wilfully, failed to answer the complaint after actual notice. The court’s denial of the defendant’s Rule 60(b) (1) motion for relief from judgment did not, therefore, constitute an “arbitrary determination, capricious disposition, whimsical th'mkmgorldlosyncratlccholce.’’ New England Allbank for Savings v. Rouleau, 28 Mass. App. Ct. 135, 144 (1989). “For purposes of this appeal, it is sufficient that the judge could have found for the plaintiffs within the bounds of [his] discretion; beyond that appellate inquiry is at an end.” Scannell v. Ed. Ferreirinha & Lda., supra at 160.
The trial court’s denial of the defendant’s Rule 60(b)(1) motion for relief from judgment is affirmed. Report dismissed.

 Erroneously cited by the defendant as the Massachusetts Rules of Civil Procedure. Compare Mass. R. Civ. P., Rule 1 and Dist/Mun. Cts. R. Civ. P., Rule 1.

 While “worthy of judicial investigation,” Berube v. McKesson Wine & Spirits Co., supra at 433, the defendants assertion that the plaintiffs claim was for a corporate and not an individual debt was a defense not certain of success. Although coverage under the insurance policies for which the plaintiff sought payment commenced subsequent to the July 25, 1988 filing of Articles of OrganizationforCentore Contracting, Inc., premium payments on those or predecessor policies were made prior to the formation of the corporation.