Coven, J.
This is a Dist./Mun. Cts. R. A D. A., Rule 8C, appeal of the dismissal of the plaintiff’s action on the ground that it was barred by the applicable statute of limitations.
The dispositive facts are undisputed. Plaintiff John G. Mulhall (“Mulhall”) worked as a banquet server for the defendant, Sheraton Needham Hotel (“Sheraton”), from February 10, 1997 through February 12, 1999. During this period, Sheraton charged its banquet customers a service charge. Mulhall claimed that this service charge consisted of, or included, gratuities, and that Sheraton owed him his portion of the service charges collected. Mulhall filed a complaint with the Attorney General’s Fair Labor and Business Practice Division on February 8,2002.
On February 11,2002, Mulhall’s counsel mailed a complaint, based on the same allegations against Sheraton made to the Attorney General, together with a statement of damages form and the proper filing fee to the Somerville Division of the District Court Department by first class mail. The clerk-magistrate’s office returned the documents to plaintiff’s counsel on February 13, 2002 because the statement of damages did not set forth a total figure for the damages sought in the *193 complaint. The complaint and corrected paperwork were re-filed and docketed on February 15,2002.
Neither the complaint, nor any of the accompanying paperwork, was date-stamped upon receipt by the clerk-magistrate’s office. By way of affidavit, the supervisor of the clerk-magistrate’s civil department stated that she was the person who returned the documents to Mulhall’s counsel. She further averred that given the absence of any date stamp on Mulhall’s submissions, she could not recall whether the documents were received on February 12, 2002 or February 13, 2002, or whether she returned the documents to Mulhall’s counsel on the day they arrived or on the next business day. In short, there was no evidence that Mul-hall’s complaint was received on February 12,2002.
Sheraton filed a motion for judgment on the pleadings on the basis of the statute of limitations. Arguing that any complaint alleging a violation of wage laws must, pursuant to G.L.c. 140, §150, be filed “within three years” of such violation, Sheraton asserted that Mulhall’s action for wage violations had to be commenced no later than February 12, 2002 because he had ended his employment with Sheraton on February 12,1999. Sheraton further argued that pursuant to Mass. R. Civ. R, Rule 3, Mulhall’s first class mailing of the complaint on February 11, 2002 did not constitute a filing of this action as of February 11, 2002, and that Mulhall’s complaint was in fact untimely.
Rule 3 of the Mass. R. Civ. P. governs commencement of an action. It provides that “[a] civil action is commenced by (1) mailing to the clerk of the proper court by certified or registered mail a complaint and an entry fee prescribed by law, or (2) filing such complaint and an entry fee with such clerk [emphasis supplied].” The record is clear that Mulhall failed to file his complaint directly with the clerk in the Somerville District Court on or before February 12, 2002. It is equally clear that Mulhall did not mail his complaint and entry fee by certified or registered mail on or before February 12,2002. “An action may be commenced by ordinary mail, provided that it reaches the clerk’s office in time to be filed ... before” the limitations period expires. J.W. Smith & H.B. Zobel, Rules Practice §3.16 (4th ed. 1991). In the absence of a certified or registered mail receipt, there is no evidence that Mul-hall’s complaint, sent by only first class mail, was received by the trial court clerk-magistrate on February 12,2002, the last day of the statute of limitations period.
Mulhall contends that he should not be penalized for the failure of the clerk-magistrate to date stamp the initial receipt of his complaint; and that when the complaint and proper filing fee had been submitted, the clerk-magistrate was required to accept his complaint for filing and to date stamp the same. Mulhall argues that District Court guidelines provide that any deficiency in a statement of damages must be brought to the attention of a judge, but that the complaint itself must first be accepted for filing upon receipt. However correct these assertions, they beg the question of whether Mulhall’s complaint was actually received by February 12,2002. The absence of any evidence as to the date of complaint receipt is attributable in the first instance to Mulhall’s failure to comply with the straightforward requirements of Rule 3 in commencing this action.
In electing to use first class instead of certified or registered mail, Mulhall assumed the risk that the complaint mailed on February 11th would not reach the trial court by February 12th, or that even if the complaint were received by February 12th, it might not be stamped and docketed on that date due to clerical mistake or inadvertence. In Migliore v. Purity Supreme Supermarkets, Inc., 1992 Mass. App. Div. 164, we addressed the effect of the first class mailing of a complaint prior to the end of the limitations period which was not received until after the limitations period had run. We held that where the complaint was mailed four days prior to the end of the statute of limitations but not date stamped by the clerk-magistrate’s office until seven days after the limitations period had run, “the plaintiff *194 assumed the risk that the mailed complaint would arrive for filing purposes prior to the expiration of the applicable limitations period. He gambled and lost.” Id. at 167. Accordingly, in the absence of any proof to rebut the evidentiary effect of the trial court docket in that case, we upheld the motion judge’s ruling that the action was barred by the applicable statute of limitations.
While mailing a complaint by only first class mail is not prohibited, the plaintiff assumes the risk that he will be unable to meet his burden of establishing that the complaint was received and docketed in the trial court prior to the expiration of the statute of limitations. As “[tjhere is no legal presumption that a letter mailed on a given date is actually received on a specific, subsequent date,” Id. at 166, it cannot simply be inferred that Mulhall’s complaint in this case was received on February 12, 2002 before the running of the limitations period. Compliance with Rule 3 would have provided the evidence missing from this case that Mulhall’s action was timely commenced. The provisions of Rule 3 are clear and are easy for a practitioner to follow. In the absence of evidence that the complaint was received in the trial court on February 12, 2002, Sheraton’s motion for judgment on the pleadings was properly allowed and the complaint was properly dismissed.
Judgment affirmed.
So ordered.