Williams, RJ.
This is the defendants’ appeal of the denial of their motion for an enlargement of time to file a notice of appeal and of the courts dismissal of their appeal.
Plaintiff Goldman & Pease, LLC (“Goldman”), a Needham law firm, brought this action against defendants Ralph and Jennie Collins (collectively, the “Collinses”) to recover alleged unpaid legal fees. After a jury trial, a verdict was returned in favor of Goldman. Judgment was entered on May 18, 2010. The Dist./Mun. Cts. R. A. D. A., Rule 4(a), ten-day period for the Collinses to file an appeal expired on May 28,2010.
Two months later, on July 30, 2010,[2] the Collinses filed a motion pursuant to Dist./Mun. Cts. R. A D. A., Rule 4(c), for what they captioned as an “extension of time for re-filing [their] lost notice of appeal by affidavit of counsel.”[3] Their attorney averred that on May 26, 2010, he personally mailed to the trial court clerk’s office a timely notice of appeal, an order for a cassette copy of the trial recording, and a check covering both the appeal filing fee and cassette fee; that such submission was within the ten-day period prescribed by Rule 4(a) for commencing an appeal; that in early June, he called the clerk’s office and a male employee confirmed that both the notice of appeal and cassette order form had been received; and that on June 16, 2010, he personally and timely mailed to the trial court clerk’s office an “appeal on the record of proceedings” designating the Collinses’ selection of a Dist./Mun. Cts. R. A. D. A., Rule 8C, method of appeal. Counsel further averred that he called the clerk’s office again on July 29, 2010 to inquire about the delay in receiving the cassette; that he was then informed by another employee that there was no record of receipt of any of the Collinses’ appeal filings; that the filings were never returned to *241 him by the U.S. Postal Service; and that “after diligent search and inquiry, [counsel has] no clue as to what could have happened to the ... filings and neither does the Clerk’s Office.”[4] Counsel attached to the Collinses’ Rule 4(c) motion copies of the missing filings, the requester’s portion of the cassette order form, and his office check register showing the issuance of the check to the trial court on May 26,2011.
Goldman filed a largely irrelevant opposition to the motion and a request for dismissal of the Collinses’ appeal. Goldman argued that the Collinses had failed to comply with various provisions of the Massachusetts Rules of Appellate Procedure, inapplicable to appeals to this Appellate Division, and asserted in conclusory fashion that the appeal was “without merit.” After hearing, the judge denied the Collinses’ Rule 4(c) motion on the sole ground that the “appeal by the defendants lacks merit,” and dismissed the appeal.
1. We note at the outset that there is no merit in Goldman’s initial contention on this appeal that the denial of the Collinses’ Rule 4(c) motion was required because it was filed two months after the expiration of the Rule 4(a) notice of appeal filing period. While the Collinses captioned their motion as one pursuant to Rule 4(c),[5] “[i]t is elementary that motions are decided on the basis of their substance and not their caption.” Dombrowski v. Cronin, 2001 Mass. App. Div. 194, 195. See generally Spring v. Geriatric Auth. of Holyoke, 394 Mass. 274, 290 (1985); Hutner v. Cape Codder Condominium Bd. of Trustees, 52 Mass. App. Ct. 429, 432 (2001). The essence of the Collinses’ motion was a request for an enlargement of time to “re-file” a notice of appeal, relief that the trial court was authorized to consider not only under Rule 4 (c), but also pursuant to Rule 14 (b). The standards to be applied are the same under both rules; the “good cause” requirement for a Rule 14(b) time extension is the “functional equivalent” of the “excusable neglect” basis for a Rule 4(c) enlargement of time. Godfrey v. Woburn Foreign Motors, 2001 Mass. App. Div. 81, 83. Thus, as the Collinses needed more than the ten-day extension (s) available under Rule 4(c), Oyegbola v. DeSimone, 1995 Mass. App. Div. 91, 9T95, their request could have been properly considered under Rule 14(b). See Troy Indus., Inc. v. Samson Mfg. Corp., 76 Mass. App. Ct. 575, 581 (2010).
2. In any event, despite Goldman’s contentions, the denial of the Collinses’ motion was not based on any finding that it was untimely or brought pursuant to the wrong rule. The denial was instead predicated solely on the single determination by the trial judge that the Collinses’ appeal “lacked merit.” The “relative merits of the appeal” is only one factor, however, to be considered in deciding a Rule 14(b) motion. See Georgantis v. Star Mkt. Cos., 2000 Mass. App. Div. 77, 78. And the appli *242 cation of that factor does not entail actual appellate review by the trial court judge of the substantive merits or likelihood of success of the issues or arguments presented for appeal. An appeal has sufficient merit to warrant the allowance of Rule 14(b) relief if it simply presents “a question of law deserving judicial investigation and discussion.” Tisei v. Building Inspector of Marlborough, 3 Mass. App. Ct. 377, 379 (1975), quoting St. Nicholas Russian Benefit Soc’y, Inc. v. Yaselko, 279 Mass. 81, 85 (1932). In this case, the Collinses’ notice of appeal identified as issues of law Goldman’s failure to introduce any evidence at trial of the reasonableness of the attorney’s fees the law firm charged, and the refusal by the trial judge to instruct the jury that Goldman bore the burden of proving the reasonableness of its claimed fees. Both of those issues generally constitute questions of law suitable for appellate review.[6]
3. On the basis of the record before us, the judge’s conclusion that the appeal “lacked merit” was, for Rule 14(b) purposes, erroneous.[7] It was also inadequate as the sole basis for review and denial of the Collinses’ extension motion. “While a lack of prejudice to the appellee and the relative merits of the appeal are factors to be considered, the preliminary focus must be on the ‘good cause’ advanced by the appellant for his procedural error or noncompliance.” Soderlund v. Mosher, 2009 Mass. App. Div. 32, 34, quoting Georgantis, supra at 78. In the context of a Rule 14(b) motion, “‘good cause’... contemplates ‘unique or extraordinary’ circumstances transcending simple inadvertence of oversight.” Godfrey, supra at 83, quoting Tai v. City of Boston, 45 Mass. App. Ct. 220, 222 (1998).
The present case is not one in which the Rule 14(b) moving party suggested nothing more than his own ignorance or neglect in failing to comply with filing time requirements. The Collinses’ attorney submitted his affidavit that he mailed a timely notice of appeal and filing fee, the clerk’s office initially acknowledged and confirmed receipt of that timely filing,[8] the documents have never been returned to him, and yet the filings cannot now be found. Those averments warranted the trial court’s consideration, in its discretion, Mystic Landing LLC v. OMLC, LLC, 2010 Mass. App. Div. 149, 150; Rocha v. Hanover Ins. Co., 2008 Mass. App. Div. 10, 11, of Rule 14(b) relief to permit the Collinses to “re-file” those missing documents.[9]
*243 Further, the courfs proper consideration of Rule 14(b) good cause should have begun with the necessary preliminary determination of whether the Collinses had, as they claim, timely commenced their appeal by mailing their notice of appeal to the trial court, and whether those documents were actually received, as one clerk’s office employee allegedly indicated. The Collinses’ appeal should not have been dismissed for the serious misstep of failing to comply with the time requirements of Rule 4(a) without a preliminary ruling that they had actually violated that procedural requirement, see Islamov v. Tiomkin, 2011 Mass. App. Div. 13, 15. Even if such determination had been made, the court should then have considered whether the Collinses demonstrated good cause for Rule 14(b) relief to correct that procedural violation.
The denial of the Collinses’ extension motion on the sole ground that their appeal lacked merit was, in the circumstances of this case, an error of law.
Accordingly, the dismissal of the Collinses’ appeal and the denial of their Rule 14(b) motion for additional time to “re-file” their appeal are vacated. This case is returned to the trial court for a reconsideration, by any judge, of the Collinses’ Rule 14(b) motion, consistent with this opinion and upon such evidence as the parties may be provide.
So ordered.

 Although both parties refer to an August 4, 2010 filing date for the Collinses’ motion, they have confused the filing date with the date of entry of that filing on the trial court docket. The motion itself bears the trial court’s date stamp of July 30, 2010. A docket entry for August 4, 2010 states that the motion was filed on July 30, 2010.

 In addition to its caption, the Collinses’ motion itself was signed under the pains and penalties of perjury by their attorney.

 There are no statements, or affidavits, from anyone in the clerk’s office. See Eyster v. Pechenik, 71 Mass. App. Ct. 773, 777-778 (2008).

 Rule 4(c) provides: “Upon a showing of excusable neglect or other good reason, the trial court may extend the time for filing the notice of appeal by any party for a period not to exceed ten days from the expiration of the time otherwise prescribed by this rule. Such an extension may be granted before or after the time otherwise prescribed by this rule has expired. A request for an extension shall be made by motion with such notice as the trial court shall deem appropriate, and in no event shall the court permit the filing of a notice of appeal later than 180 days after entry of the judgment or post-judgment order of which appeal is sought.”

 As this appeal is limited solely to the propriety of the trial court’s denial of the Collinses’ extension motion and the dismissal of their appeal, we express no opinion on the substantive merits of those issues, or on the likelihood of the Collinses prevailing on appeal.

 A Rule 14(b) ruling is reviewed first, for possible errors of law, and if none, for abuse of discretion. Troy Indus., supra at 581.

 See Samuels v. SUFA Corp., 38 Mass. App. Ct. 922 (1995) (notice of appeal presented to clerk’s office is “filed” even if not docketed).

 Goldman argues that the Collinses could have avoided any uncertainty about their filings if they had delivered the documents to the trial court, or sent them by certified mail with a return receipt requested. While the failure to do so exposes a filing party to the risk that his mail could be lost, see Mulhall v. Sheraton Needham Hotel, 2003 Mass. App. Div. 192, 193, the use of regular mail does not per se constitute inexcusable neglect. Moreover, in this case, the clerk’s office initially confirmed the receipt of the Collinses’ mailed documents.