DAVID K. BIRD *vs.* LOREY W. ROSS, THIRD.

Middlesex. November 9, 1984. — January 29, 1985.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, & LYNCH, JJ.

*Practice, Civil,* Relief from judgment.

In an action arising out of a motor vehicle accident, a District Court judge
acted within his discretion in denying the defendant's motion under Dist.
Mun. Cts. R. Civ. P. 60 (b) (6) for relief from a default judgment which
had been entered against him, where the plaintiff had complied with the
statutory requirements for service of process by having the summons
delivered at the defendant's last and usual abode, and where the only
neglect at issue was the defendant's own carelessness in listing an inap-
propriate address on a form filed with the plaintiff's insurance company.
[790-792]

CIVIL ACTION commenced in the Fourth Eastern Middlesex
Division of the District Court Department on March 25, 1982.

A motion for relief from a default judgment was heard by
*Louis J. Gonnella,* J.

*Sumner H. Smith* for the defendant.

LYNCH, J. The defendant appeals from the order of the
Appellate Division of the District Courts dismissing his claim
of report from a District Court judge's denial of his motion
for relief from judgment under Dist. Mun. Cts. R. Civ. P. 60
(b). The defendant contends that the judge abused his discretion
in denying the motion, which was filed after a default judgment
had been entered against him. We conclude that there was no
abuse of discretion, and we affirm.

The plaintiff brought this action on March 25, 1982, in the
District Court to recover for property damage arising out of a
motor vehicle accident that occurred on September 15, 1981.
The summons and complaint were served by mail on April 1
and 5, 1982, at 62 Kilby Street in Woburn. This is the address
that the defendant had used in a report he filed with the plain-

tiff's insurance company on October 14, 1981. The plaintiff's request for default under Dist. Mun. Cts. R. Civ. P. 55 (a) was granted on April 28, 1982. He moved for an assessment of damages on July 12, 1982, and notice of this motion was again sent to 62 Kilby Street, Woburn. The court assessed damages and costs against the defendant, and a default judgment was entered on August 5, 1982. Execution on the judgment was issued on August 16, 1982.

On February 2, 1983, the defendant filed a motion for relief from judgment. Dist. Mun. Cts. R. Civ. P. 60 (1975). This motion was denied on March 8, 1983. The defendant appealed by a claim of report to the Appellate Division, the only issue being the denial of his motion. The Appellate Division concluded that there had been no error and dismissed the report, stating, "[I]t is clear from the report that the plaintiff complied with G. L. c. 223, § 31 and Dist. Mun. Cts. R. Civ. P. 5 as service was made at the last and usual abode of the defendant." The Appellate Division concluded that there was no abuse of discretion and that the trial judge was "fully warranted in not removing the default."

In his motion for relief from judgment and in the supporting affidavit, the defendant alleged that he had never received the summons and the complaint, and that at the times in issue he was in a hospital and resided at 47 Plymouth Street in Cambridge. He did not, however, deny that he had listed 62 Kilby Street, Woburn, as his address on the report filed with the plaintiff's insurance company on October 14, 1981, approximately six months before the plaintiff initiated this action. He testified at the hearing on the motion for relief from judgment that 62 Kilby Street, Woburn, was his mailing address and that after the entry of the default judgment his daughter had given him "all documents at one time," and he then got in touch with counsel.

The defendant has apparently brought his motion under Dist. Mun. Cts. R. Civ. P. 60 (b) (1) and (6) (1975), which provides that a judge may grant relief from a final judgment of default "upon such terms as are just . . . [including] (1) mistake, inadvertence, surprise, or excusable neglect . . . or (6) any other

reason justifying relief from the operation of the judgment."[1] See *Burger Chef Syss., Inc.* v. *Servfast of Brockton, Inc., ante* 287, 290 n.6 (1984). A motion brought under rule 60 (b) is addressed to the discretion of the judge. *Parrell* v. *Keenan,* 389 Mass. 809, 815 (1983). *Trustees of the Stigmatine Fathers, Inc.* v. *Secretary of Admin. & Fin.,* 369 Mass. 562, 565-566 (1976). Such a decision " 'will not be reversed on appeal save for abuse.' " *Parrell* v. *Keenan, supra,* quoting *Clarke* v. *Burkle,* 570 F.2d 824, 830 (8th Cir. 1978). Furthermore, we have ruled that to prevail under rule 60 (b) (6), the party must show that such relief would be just and also that relief is not available under rule 60 (b) (1) - (5). *Chavoor* v. *Lewis,* 383 Mass. 801, 805-806 (1981).

The defendant claims that he received no notice of the action until after the default judgment had been entered. His reliance on *Berube* v. *McKesson Wine & Spirits Co.,* 7 Mass. App. Ct. 426, 430-431 (1979), is misplaced. In *Berube,* the excusable neglect relied upon by the motion judge in exercising his discretion to allow the motion for relief from judgment was attributable to conduct by counsel for one of the parties. Facts similar to those which the Appeals Court found *justified* the action of the motion judge in *Berube* do not compel a ruling that the judge *abused* his discretion in this case.

Here, the plaintiff complied with the statutory requirements for service of process on the defendant. See G. L. c. 223, § 31, and Dist. Mun. Cts. R. Civ. P. 5. The summons was delivered at the defendant's last and usual abode, 62 Kilby Street, Woburn, which he concedes was his mailing address and the address listed on a form filed with the plaintiff's insurance company six months before the action. The only neglect at issue in this case is the defendant's own carelessness in listing

---

[1] In his statement of the issues, the defendant raises two issues: (1) whether the judge abused his discretion in denying the motion for relief from judgment; and (2) whether the defendant was entitled as a matter of law to have the motion allowed "based upon case law and Constitutional grounds." The defendant has, however, cited no constitutional basis for reversing the trial judge's finding, and appears to argue only that the judge abused his discretion under rule 60 (b) (1) and (6).

an inappropriate address. The plaintiff complied with the law governing service of process, and the judge could properly find that denial of the motion was in the interests of justice.

*Order dismissing report affirmed.*