Giles, J.
The defendant, Karen Jurczuk, d/b/a Jerry’s Auto Body, appeals from the trial court’s denial of her Motion for Relief from Judgment pursuant to Dist./Mun. Cts. R. Civ. P., Rule 60(b)(6), arguing that she was not properly notified of a default judgment (awarding damages trebled pursuant to General Laws Chapter 93A) and an execution that issued against her. A recitation of the prejudgment proceedings in this action is necessary to our discussion.[2]
Plaintiffs original complaint (alleging the defendant’s conversion of the $8,000.00 the plaintiff paid the defendant to remodel an automobile) was filed on April 29,1988. Defendant’s present appellate counsel, Mitchell Garabedian, Esq., filed an answer in the defendant’s behalf in which the defendant neither admitted nor denied her address to be, as alleged in the complaint, at Jerry’s Auto Body, 116 Quincy Street, Dorchester, MA 02124. On July 27,1988, the defendant executed and filed with the court an Agreement for Judgment, in which she gave her address as 408 East 8th Street, South Boston, MA 02127; thereafter, neither the defendant nor her attorney filed notice of any change of address until after judgment entered against the defendant. See Dist./Mun. Cts. R. Civ. P., Rule 11(d).
On August 27,1990, plaintiff’s counsel, Philip H. Whitehead, Esq., and Attorney Garabedian mailed each other notice of Plaintiff’s Motion to Amend Complaint (to add a General Laws Chapter 93A count) and Motion for Leave of Court to Withdraw as Defendant’s Attorney (because of his alleged inability to contact his client), respectively. Attorney Whitehead also mailed notice of his motion to amend to the defendant at 408 East 8th Street, South Boston, MA02127. Attorney Garabedian also sent notice of his motion to withdraw to his client, the defendant, at 20 Inglewood Road, Braintree, MA 02184, by certified mail; but such notice was returned, marked “Moved - Left No Address.” Attorney Garabedian attempted no alternative service of such notice upon the defendant, such as leaving it with the clerk’s office. See Dist./Mun. Cts. R. Civ. P., Rule 5(b).
Defense counsel’s motion to withdraw was allowed on September 6, 1990; and plaintiff’s motion to amend was allowed on September 25,1990. Plaintiffs counsel mailed notice of the amended complaint (including a General Laws Chapter 93A claim) to the defendant at three different addresses: to 408 East 8th Street, South Boston, MA. 02127 (the only address provided the court by the defendant); to 20 Inglewood Road, Braintree, MA 02184 (the address to which the defendant’s own attorney sent the defendant notice of his motion to withdraw); and to 116 Quincy Street, Dorchester, MA 02124 (the defendant’s alleged business address).
*82 Plaintiffs counsel mailed a subsequent Request for Default [pursuant to Rule 55(a)] to the defendant at those same three addresses. A default judgment entered against the defendant on October 25,1990; and damages were assessed and entered against her on December 11,1990.
On September 25,1991, the defendant filed a Motion for Relief from Judgment pursuant to Dist./Mun. Cts. R. Civ. P., Rule 60 (b) (6), the denial of which resulted in this appeal.
In arguing that the trial court abused its discretion in denying her Motion for Relief from Judgment, the defendant relies heavily upon Farley v. Sprague, which held that a default judgment should be vacated where service upon the defaulting party was insufficient. Farley v. Sprague, 374 Mass. 419 (1978).
We find that notice to the defendant was wholly sufficient, however.
First, the defendant failed to deny the address attributed to her in the complaint (116 Quincy Street, Dorchester, MA02124); such averment is then deemed admitted. Dist./Mun. Cts. R. Civ. P., Rule 8(d). Furthermore, the defendant personally furnished the court with an address at 408 East 8th Street, South Boston, MA 02127, in the Agreement for Judgment and, thereafter, failed to file with the court any notice of a change of that address, as she was required to do. Dist./Mun. Cts. R. Civ. P., Rule 11(d).
The defendant was put on adequate notice of the plaintiffs pending Motion to Amend Complaint both by service upon her attorney of record, Dist./Mun. Cts. R. Civ. P., Rule 5 (b) and by service upon her at the above-mentioned South Boston address of record, her “last known address,” id.; Dist./Mun. Cts. R. Civ. P., Rule 11(d). Such service by mail was complete upon mailing. Dist/Mun. Cts. R. Civ. R, Rule 5(b). Notice of the subsequent default judgment was served upon the defendant at the said admitted Dorchester address, at the said South Boston address of record, and at the Braintree address provided by her own attorney of record. Such duplicative service was more than sufficient.
The defendant argues that, under said Rule 5(b), the plaintiffwas obligated to serve a copy of the pleading by leaving it with the clerk of court because “no address is known.” Dist./Mun. Cts. R Civ. P., Rule 5 (b) .An address of the defendant was known, however: her South Boston address of record, upon which opposing counsel was entitled to rely. Dist./Mun. Cts. R. Civ. R, Rule 11(d).[3] (Her admitted address in Dorchester could also be deemed “known.” Dist./Mun. Cts. R. Civ. P., Rule 8(d).)
A motion brought under Dist./Mun. Cts. R. Civ. R, Rule 60(b) (6) is addressed to the sound discretion of the judge, Parrell v. Keenan, 389 Mass. 809, 815 (1983), whose decision “will not be reversed on appeal save for abuse,” id.; Bird v. Ross, 393 Mass. 789, 791 (1985). In light of the adequate notice to the defendant at every stage of the proceedings, we find no abuse of the trial court’s discretion in denying her Rule 60(b)(6) motion.
Report dismissed.

 Any contention that the defendant, post-judgment, failed to preserve her appellate rights by not obtaining an extension of the time within which she had to file a draft report, Brown v. Quinn, 406 Mass. 641 (1990), appears to have been waived by the plaintiff.

 The court notes that defense counsel, although claiming that his client’s address was “unknown,1’’didnotavailhimselfofsuch alternative service ofpostingwith the clerk’s office when he served the defendant with notice of his motion to withdraw.