Beattie, J.
In this appeal, we are asked to determine if the trial judge abused his discretion by denying defendant’s motion to vacate judgment pursuant to Mass. R. Civ. P, Rule 60(b) (1). The facts necessary to decide the issue presented are as follows:
Plaintiff and defendant entered into a lease of commercial premises on July 14, 1989. In the lease agreement, defendant designates the leased premises as its principal place of business. The lease agreement further provides that “all notices required ... should be deemed duly served ... at the address of tenant appearing above (tenant’s principal place of business) or such other address as tenant shall have last designated by notice in writing to landlord.”
Landlord was never given any notice designating a different address than noted.
Plaintiff filed its summary process complaint and summons on July 15,1991 and service was made by sheriff and regular mail at defendant’s office on July 8,1991.
On the July 25, 1991 trial date, defendant failed to appear, and judgment by default entered for possession and rent in the sum of $14,770.00 plus costs. Execution for possession and the sum of $14,850.40 issued on August 20,1991.
On December 10, 1991, defendant filed its motion for relief from judgment, which was heard on December 17,1991 and denied. No notice of denial was sent to the parties. Two months later, defendant’s counsel inquired of the status of the motion and was informed of its denial. On October 16,1992 a second motion pursuant to Mass. R. Civ. R, Rule 60(b) (1) was filed seeking that the judgment be vacated and then immediately reentered, so that defendant could regain his appeal rights. The motion was heard on October 29,1992 and denied.
Although defendant discusses the reasons for his original motion, the only issue presented to this court by way of report is whether the judge abused his discretion by denying the second motion to vacate judgment.
A motion brought under Rule 60(b) is addressed to the discretion of the judge and “will not he reversed on appeal save for abuse.” Bird v. Ross, 393 Mass. 789, 791 (1985), quoting Parrell v. Keenan, 389 Mass. 809, 815, (1983).
In ruling on defendant’s second motion in October 1992, there were any number of reasons the judge may have found for denying the motion. There is nothing to indicate that the Court acted arbitrarily, capriciously, or whimsically. See Berube v. McKesson Wine and Spirits Co., 7 Mass. App. Ct. 426 (1979). Consequently, there is no basis to find that the judge abused his discretion by denying the motion.
Therefore, the judgment of the District Court is affirmed.