Greco, J.
This is an action to enforce a Michigan judgment against the defendant in the amount of $5,084.67. Summary judgment was entered herein for the plaintiff, and the defendant now appeals the denial of his Dist./Mun. Cts. R. Civ. R, Rule 60(b) (6) motion for relief from such judgment.
This action was commenced on April 6,1992. The defendant, through counsel, filed an answer which denied the validity of the Michigan judgment and asserted that the Michigan court lacked personal jurisdiction over him.
On June 3, 1992, the motion of the defendant’s attorney to withdraw was allowed, and the defendant proceeded pro se. In the ensuing months, the plaintiff purportedly filed[2] two sets of requests for a default and requests for a default judgment which were not acted upon by the trial court. The defendant was not served with any of these requests.
On May 6, 1993, the plaintiff filed a motion for summary judgment and sent notice of the same to the defendant at 282 East Main Street, Marlborough, MA 01752. This was the address for the defendant which appeared in the court papers and to which defendant’s former counsel had mailed notice of his motion to withdraw. The defendant had not notified the court of any change of address. The defendant did not appear to oppose the plaintiff’s summary judgment motion which was allowed by the court on May 19,1993.
Eleven months later, after the defendant was served with supplementary process papers, he filed the Rule 60(b) (6) motion at issue on this appeal. In a support *239 ing affidavit, the defendant asserted that he thought the case had been dismissed, that he had moved his business from 282 East Main Street, and that the notice of the plaintiffs summary judgment motion was never delivered to him. In denying the defendant’s motion for relief from judgment, the court stated:
While the defendant may have thought the case had been concluded, such an assumption was unwarranted. A defendant who has so little regard for his legal business is at risk. Defendant has shown no entitlement to relief.
A Dist./Mun. Cts. R. Civ. R, Rule 60(b) motion for relief from judgment is addressed to the discretion of the trial judge whose decision will be reversed on appeal only upon a showing of an abuse of such discretion. Bird v. Ross, 393 Mass. 789, 791 (1985); Parrell v. Keenan, 389 Mass. 809, 815 (1983). Judicial discretion under Rule 60(b) “should be exercised so as to promote and not to baffle an orderly and proper administration of justice, and not to encourage carelessness, ignorance, laxity or finesse of practice in the courts.” Alpert v. Mercury Publishing Co., 272 Mass. 43, 45 (1930).
The defendant mistakenly relies on Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426, 430-431 (1979). “In Berube, the excusable neglect relied upon by the motion judge in exercising his discretion to allow the motion for relief from judgment was attributable to conduct by counsel for one of the parties.” Bird v. Ross, supra at 791. A party who decides to incur the expense of retaining a lawyer should be able to rely on that lawyer to tend to the legal business at hand, and courts are thus generally reluctant “to deprive a litigant of a trial on the merits because of the negligence of counsel.” Wilkinson v. Guarino, 19 Mass. App. Ct. 1021, 1023 (1985).
In the instant case, however, the neglect was attributable “to the defendant’s own carelessness” and Rule 60(b) relief was thus appropriately denied. Murphy v. Administrator of Div. of Personnel Adm., 377 Mass. 217, 228 (1979). Once the defendant and his lawyer parted company and the defendant elected to proceed without counsel, he assumed all of the duties attendant to the management of his own legal business. These duties included the obligation to notify both the court and opposing counsel of any change of his address. “Until such notification the court, parties, and attorneys may rely ... on notice at an address previously entered.” Dist./Mun. Cts. R. Civ. R, Rule 11(d). The defendant neglected to so notify the court and opposing counsel of his new address, and the plaintiff thus properly forwarded notice of its summary judgment motion to the only address listed for the defendant on all court documents. This case must be distinguished, therefore, from those cases in which Rule 60(b) relief was warranted because the notice in question was either given at an improper address, or not given at all. See Chavoor v. Lewis, 383 Mass. 801, 806 (1981); Farley v. Sprague, 374 Mass. 419, 425-426 (1978); Stamas v. Lavelle, 1993 Mass. App. Div. 101. See generally, Bushnell v. Bushnell, 393 Mass. 462, 474-475 (1984). But cf. Leggett v. Jurczuk, 1993 Mass. App. Div. 81.
To allow relief from judgment on the basis of the defendant’s own neglect would indeed encourage “carelessness ... [and] laxity.” Alpert v. Mercury Publishing Co., supra at 45. It would permit a pro se party to ignore litigation, thereby driving up legal costs for the other side, burdening the court with unnecessary proceedings and delaying the ultimate resolution of the case. Accordingly, we find no abuse of discretion in the trial court’s denial of the defendant’s Rule 60(b) motion.[3]
There being no error, the report is dismissed.
So ordered.

 The docket is devoid of any reference to the plaintiff’s Rule 55 requests.

Having done so, we need not address the court’s denial of the defendant’s summary judgment motion.