Belford, J.
This appeal raises the issue of whether the trial court erred in entering a default judgment in favor of defendant and dismissing the civil action with prejudice. The plaintiff challenges that ruling and asserts that the judgment *14 should be vacated on the grounds of excusable neglect pursuant to Massachusetts District Court Rules of Civil Procedure 60(b) (1).
We find no error.
This is a civil action in tort for personal injuries arising out of a motor vehicle accident. The plaintiff, Ms. Peckham, filed a civil lawsuit against the defendant, Ms. Erikson, on April 14,1995. On April 21,1992, the plaintiff, Ms. Peckham, and the defendant, Ms. Erikson, were involved in a motor vehicle accident on Route 28 in Mashpee, Massachusetts. As a result of the accident, Ms. Peckham received personal injuries and was last treated on July 21,1992.
Discovery requests were made by Ms. Erikson which were never answered by Ms. Peckham, and a motion to dismiss for failure to timely effectuate service of process by Ms. Erikson was ultimately denied.
On October 12,1995, the trial court issued notice to the parties of a pre-trial conference scheduled for December 5,1995. Between October 12,1995, and December 5,1995, Ms. Peckham informed her attorneys, Gunning, LaFazia & Gnys, Inc., that she no longer wished to be represented by them and arrangements were made to forward her file to Ms. Peckham’s attorney of choice, Donald R. Lembo.
Attorney Lembo was informed in late November, 1995, of the pending pre-trial conference. No attorney from Gunning, LaFazia & Gnys, Inc., appeared at the pretrial conference to represent the interests of Ms. Peckham. In addition, Attorney Lembo neither filed an appearance on behalf of Ms. Peckham nor appeared on her behalf at the pre-trial conference on December 5,1995. In fact, no one appeared on behalf of Ms. Peckham at the pre-trial conference.
On December 6,1995, the trial court entered a default judgment in favor of the defendant and dismissed the civil action with prejudice. On May 21,1996, the law firm of Gunning, LaFazia & Gnys, Inc., filed a motion on behalf of Ms. Peckham to vacate the judgment pursuant to Massachusetts Rules of Civil Procedure 60 (b) (1). On June 13,1996, the defendant filed a motion in opposition to plaintiffs motion to vacate the judgment. The court denied the plaintiffs motion to vacate the judgment on June 18,1996. This appeal followed.
Massachusetts Rule of Civil Procedure 60(b) (1) provides that, upon motion and such terms as are just, the court has discretion to relieve a party or his legal representative from a final judgment if there is evidence of mistake, inadvertence, surprise, or excusable neglect. The motion shall be made within a reasonable time, not to exceed one year after the judgment was entered. A motion under this rule is addressed to the trial judge’s discretion and generally will not be reversed on appeal in the absence of a showing of abuse. Bird v. Ross, 393 Mass. 789, 791; 473 N.E. 2d 1097, 1098 (1985).
In this appeal, the plaintiff argues that her attorneys’ actions or inactions, as well as her own actions/inactions, amount to excusable neglect. While Rule 60(b) (1) allows the vacating of a judgment where the interests of justice and fairness require, such relief will only be granted if the moving party satisfies her burden of demonstrating that the neglect was excusable and not a result of her own carelessness. Cullen Enterprises, Inc. v. Massachusetts Property Insurance Underwriters Association, 399 Mass. 886, 896; 507 N.E. 2d 717, 721 (1987).
At a minimum, the court may consider the following factors in determining whether relief should be granted under rule 60(b) (1): (1) whether the movant has acted promptly after entry of judgment to assert her claim for relief; (2) whether there is a showing, either by way of affidavit or otherwise, that the claim sought to be revived has merit; (3) whether the neglectful conduct occurs before trial as opposed to during or after the trial; (4) whether the neglect was the product of a consciously chosen course of conduct on the part of counsel; (5) whether prejudice has resulted to the other party; and (6) whether the neglect was chargeable to the party’s counsel rather than to the party herself. Berube v. McKesson Wire & *15 Spirits Co., 7 Mass. App. Ct. 426, 430-431; 388 N.E. 2d 309, 312 (1979).
We now consider each of these factors as applied to the case before us. First, the plaintiff did not bring her motion to vacate the judgment until May 22,1996, more than five months after the judgment was entered. The plaintiff stated that she and/ or her attorney did not become aware of the judgment until February 27, 1996. Then, nearly three more months passed before the motion to vacate judgment was actually filed. Neither the plaintiff nor her attorney gave any explanation as to why they did not become aware of the judgment until February 27, 1996, or why they delayed another three months before filing the motion to vacate judgment. The only statement by way of explanation in the appellant’s brief was that the delay “was not as a result of apathy, neglect, or carelessness on the part of Ms. Peckham or her attorneys, but rather as result of an unawareness of what had transpired on December 5,1995.” This statement of disputed fact alone does not serve as an adequate explanation of the plaintiffs delay without any further evidence. It certainly does not explain the further delay of nearly three months after both the plaintiff and her attorney did become aware of the judgment on February 27,1996. Accordingly, the plaintiff failed to demonstrate that she acted promptly or within a reasonable time to assert her claim for relief.
Second, there was no showing, either by way of affidavit or otherwise, apparent on the record that the claim sought to be revived by the plaintiff had merit. Again, the plaintiff/appellanf s brief merely makes a statement that “there is ample evidence that Ms. Peckham’s claims in the matter have a realistic prospect of success on the merits” without further proof as to what constitutes this “ample evidence.”
Third, it is clear that the neglectful conduct occurred before trial.
Fourth, the record does not clearly demonstrate that the neglect was a product of a consciously chosen course of conduct on the part of the plaintiff’s counsel. Surely, the plaintiff herself made a conscious choice to engage new counsel. However, there is no evidence that the plaintiff’s original attorney of record ever filed a notice of withdrawal with the court. Therefore, all notices from the trial court would have continued to be sent to him. An explanation as to why the original counsel for plaintiff did not file a notice of withdrawal and/or forward all notices issued from the court to the plaintiff’s newly chose attorney is not given. Whether this was a consciously chosen course of conduct or merely carelessness on the part of the plaintiff’s attorney, his conduct does not rise to the level of “excusable” neglect in any case.
In a similar case where a plaintiff’s attorney failed to appear at a pre-trial conference because his address had changed and he claimed he had not received notice from the court thereby resulting in a default judgment against his client, the Appeals Court held that the counsel had a duty to notify the court of a change in his address; his failure to do so was not excusable neglect and did not provide a basis for vacating the default judgment. Keenan v. Maybrook, 40 Mass. App. Ct. 140, 146; 662 N.E. 2d 228, 230 (1986). Likewise, Ms. Peckham’s original attorney had a duty to notify the court of his withdrawal from the case. Regardless of whether the plaintiff’s attorney consciously chose not to do so or whether his failure to notify the court of his withdrawal was merely careless error, any confusion arising from the change in attorneys does not constitute excusable neglect.
As to the delay in making the motion to vacate, there is only the statement in plaintiff/appellant’s brief that the plaintiff and her counsel were “unaware” of the judgment of December 6, 1995. While this does not necessarily indicate a consciously chosen course of conduct, it also does not support the plaintiff’s claim of excusable neglect as opposed to mere carelessness. Both the plaintiff and her attorney were aware of the judgment as of February 27,1996, yet they did not file the motion to vacate the judgment until May 21,1996. There is no indication in the record of the reason for this further delay.
*16 Fifth, it is unlikely that unreasonable prejudice to the defendant, Ms. Erikson, would result from the granting of the plaintiffs motion to vacate judgment. However, the defendant does have a right to rely on the finality of the judgment and to put this case behind her. Concern about finality of litigation is an appropriate consideration when acting on a motion for relief from judgment. Chui-Kun Woo v. Moy, 17 Mass. App. Ct. 949, 950; 457 N.E. 2d 663, 664 (1983). While the court is reluctant to deprive parties of a fair chance to litigate their claims, absent a clear showing by the movant that she has a substantial and meritorious cause which requires further inquiry or trial in the courts, the trial judge’s decision will not be overturned. See Russell v. Foley, 278 Mass. 145, 148; 179 N.E. 2d 619, 621 (1932). Here, the plaintiff/appellant fails to make such a showing.
Last, the neglect in this case was primarily attributable to errors by the plaintiffs attorneys, rather than to errors by the plaintiff herself. Some "... courts have been reluctant to attribute to the parties the errors of their legal representatives.” See Barber v. Turberville, 94 U.S. App. D.C. 315; 218 F.2d 34, 36 (1954). On the other hand, other courts have held that “lack of diligence or mere carelessness on the part of a party’s attorney is not sufficient cause to set aside a default.... Having voluntarily chosen his attorney, the [party] cannot now avoid the consequences of the acts or omissions of his freely selected agent.” Aberson v. Glassman, 70 F.R.D. 683, 684 (S.D.N.Y. 1976).
In sum, a motion to vacate judgment under Rule 60(b) (1) is generally left to the sound discretion of the trial judge and will not be reversed on appeal in the absence of a clear showing of abuse of that discretion. Bird, supra at p. 791. The trial judge is “in the best position to assess the merits of requests for this type of relief under the requirements of balancing the efficient case flow with the litigants’ rights to a trial on the merits.” Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426, 434; 388 N.E. 2d 309, 314 (1979).
Based on our own considerations of the sixBerube factors as applied to this case and giving due deference to the decision of the trial judge, we find no abuse of discretion. Accordingly, no further appellate inquiry is necessary.
The judgment is affirmed.