LoConto, P J.
This matter came before the Appellate Division on the Report of the trial judge pursuant to G.L. chapter 231, §108, and Dist./Mun. Cts. R. A. D. A., Rule 5, for determination by the Appellate Division of the correctness of his decision to allow the motion of the plaintiff, Jill Chaban, for relief from a default judgment. The facts and issues necessary to an understanding of the case, as taken from the Report are as follows. On or about February 12,1996, the plaintiff filed a complaint in the Springfield Division of the District Court Department for the defendants alleged failure to pay her a commission for the sale of print advertising. The defendant, Business West, Inc., her former employer, denied liability in the answer it filed on or about August 11,1996. Pre-trial discovery ended on or about March 11,1997, when plaintiff’s counsel delivered his entire file to defendant’s counsel, with the formal Response to Request for the Production stating: “After inspection and copying, please return these documents to plaintiff’s attorney.”
*116 On or about December 18,1997, defendant’s counsel received notice to appear at court on January 21,1998, at 2:00 P.M. for a Civil Case Status Report List Call. At the designated time, only counsel for the defendant appeared and as a result, judgment entered dismissing the plaintiffs complaint. Notice of the Judgment dismissing the complaint was received by counsel for the defendant on January 23, 1998.
The plaintiffs Motion for Relief from Judgment was filed on January 19, 1999, unaccompanied by affidavits, and allowed after hearing on January 27,1999. The defendant filed an opposition to the plaintiffs motion, relying on the affidavits of its president, John J. Gormally, and counsel. The Report contains the following information, either taken from the plaintiffs motion and/or agreement of counsel.
After Plaintiffs counsel delivered to Defendant’s counsel the contents of his client’s entire file, he closed his law office and left the private practice of law, having accepted a full-time position with one client. He kept his business telephone number, installed a telephone answering machine in his home, and recorded a message which invited callers to leave a message. He arranged that all mail sent to his former office address be forwarded to a post office box. Plaintiffs counsel claims to have become aware of the fact that the case of Chaban v. Business West, Inc. was still pending ‘near the end of 1998’ and states that he tried unsuccessfully to locate his file. Plaintiffs counsel contacted Defendant’s counsel by telephone on January 12,1999, confirmed that his file was still in the custody of Defendant’s counsel, and shortly thereafter he retrieved his file from the Defendant’s counsel.
Neither the plaintiffs motion nor the judge’s Report recites any statute or rule of court for authority allowing the plaintiffs motion. We assume that the plaintiff relies on the first or the third paragraph of Dist./Mun. Cts. R. Civ. P., Rule 60(b). That rule permits the court to relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; or, (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.
Rule 60(b)(1). “At a minimum, the court may consider the following factors in determining whether relief should be granted under rule 60(b)(1): (1) whether the movant has acted promptly after entry of judgment to assert her claim for relief; (2) whether there is a showing, either by way of affidavit or otherwise, that the claim sought to be revived has merit; (3) whether the neglectful conduct occurs before trial as opposed to during or after the trial; (4) whether the neglect was the product of a consciously chosen course of conduct on the part of counsel; (5) whether prejudice has resulted to the other party; and (6) whether the neglect was chargeable to the party’s counsel rather than .to the party herself.” Peckham v. Erikson, 1997 Mass. App. Div. 13, citing Berube v. McKesson Wire & Spirits Co., 7 Mass. App. Ct. 426, 430-431 (1979). We consider these factors in light of the facts of this case. First, the plaintiffs motion was filed just a few days prior to the passing of one year from the entry of judgment, and was not argued until after the one year date.[1] Plaintiffs counsel admits that he took no action on the case from the time he served his client’s answers to interrogatories on March 31,1997, over six months after they had been served, until “near the end of 1998” when he began *117 looking for file case. Second, the plaintiff has failed to show either by way of affidavit or otherwise apparent from the record that the claim sought to be revived has merit. Conversely, the affidavit of defendant’s president states that the matter of any commissions due the plaintiff was previously reviewed by the Massachusetts Attorney General’s Fair Labor and Business Practice Office, before the complaint was filed, and that any money that had been determined to be due was promptly paid to the satisfaction of the Attorney General’s Office. Third, the conduct occurred before trial. Fourth, plaintiffs counsel acknowledges that he was aware that he had this case, and other cases pending when he chose to close his law practice and he did take steps to permit telephone contact and mail to be forwarded. However, he failed to notify the court or opposing counsel of his change of address, contrary to court rule[2] that “establishes the duty of counsel to notify the court of a change of counsel’s address and that the failure to do so does not provide a basis for invoking relief under rule 60(b) (6).” Keenan v. Maybrook, Inc., 40 Mass. App. Ct. 144, 146 (1996). Fifth, the defendant presented the unrebutted affidavit of its President which stated that in reliance on its counsel’s notification that the case was dismissed, he discarded all the notes and papers that had been prepared in anticipation of this litigation seeking commissions for services rendered between April, 1991 and February, 1994. In addition, he asserted that valuable witnesses are no longer associated with the defendant’s business as former employees or customers and in the case of some former employees, their whereabouts are unknown. Sixth, there is no evidence to suggest that the neglect can be charged directly to the litigant. However, there is nothing to suggest that the plaintiff took any action to question why the case was inactive from the filing of her responses to interrogatories in March, 1997, and the Motion for Relief filed in January, 1999.
Rule 60(b)(3). It is undisputed that defendant’s counsel did not return the plaintiffs file following the entry of judgment. Nor did defendant’s counsel notify plaintiffs counsel, as a courtesy, that the default judgment had been entered. Defendant’s counsel appropriately relied on the court’s requirement to notify the plaintiff through counsel of said judgment. As might be expected, the defendant’s counsel closed the file, together with the enclosed plaintiffs file. None of this conduct by defendant’s counsel constitutes fraud, misrepresentation, or other misconduct of an adverse party. The unchallenged affidavit of defendant’s counsel describes his reaction to the unusual act by the plaintiffs counsel in delivering his entire file, including matters of a confidential nature to which he should not be privy. Having received this file without an explanation, defendant’s counsel attempted to telephone plaintiffs counsel at the phone number on his stationery. He left a message on the answering machine for plaintiffs counsel to call him being informed by the message that plaintiffs counsel had closed his office. Although no call was received, defendant’s counsel received the responses to interrogatories on March 31, 1997, approximately two weeks after receiving the file. Again on June 24,1997, defendant’s counsel placed a second call to the phone number appearing on the letterhead of plaintiffs counsel and left another message regarding the receipt of the entire file. Again, he received no return call from defendant’s counsel or anyone else associated with the defendant. Only after receiving a phone call from plaintiffs counsel on January 13, 1999, that he intended to bring a Motion for Relief, did defendant’s counsel inform plaintiffs counsel that he had his file. Thereafter, it was retrieved.
*118 Abuse of Discretion. “Decisive in the instant case is that, ultimately, resolution of Motions for Relief from Judgment repose in the broad discretion of the motion judge. An appellate court will not reverse the motion judge’s decision ‘except upon a showing of a clear abuse of discretion.’” Scannell v. Ed. Ferreirinha & Irmao, LDA, 401 Mass. at 158, 514 N.E.2d 1325. The standard is one of marked deference. Tai v. City of Boston, 45 Mass. App. Ct. 220, 224 (1998). ‘There is no error of law amounting to an abuse of discretion simply because a reviewing court might have reached a different result; the standard of review is not substituted judgment.” Bucchiere v. New England Tel. & Tel. Co., 396 Mass. 639, 641 (1986).
The trial judge’s request for determination of the correctness of his allowance of the motion implies no suggestion that he doubted the appropriateness of his decision. Left undisturbed, the allowance of the motion will require a trial of a complaint seeking payment in the form of earned commissions for services allegedly rendered between 1991 and 1994. It was appropriate to seek a resolution of this issue without first requiring the parties to prepare and try the case. Our review of the factors enumerated in Berube, supra, suggests that the relief requested was not warranted. As indicated above, no statute or rule of court was relied upon by the plaintiff for relief. Nor was the motion verified or supported by an affidavit signed under the penalties of perjury. And unfortunately the motion judge gave no reason why the relief was granted. “Although a motion judge has broad discretion in resolving motions for relief from judgment, see Chu Tai v. Boston, 45 Mass. App. Ct. at 224, and cases therein cited, that discretion will be deemed abused when ‘its exercise has been characterized by arbitrary determination, capricious disposition, whimsical thinking, or idiosyncratic choice.’” Kalenderian v. Marden, 46 Mass. App. Ct. 930 (1999), quoting Greenleaf v. Massachusetts Bay Transp. Authy., 22 Mass. App. Ct. at 429. “[A judge’s] action should be exercised so as to promote and not to baffle an orderly and proper administration of justice, and not to encourage carelessness, ignorance, laxity or finesse of practice in the courts. Such petitions [relief from judgment] should be allowed sparingly and only to promote the ends of justice, and not to relieve against slovenly preparation or other conduct not dictated by fidelity to the courts.” Albert v. Mercury Publishing Co., 272 Mass. 43, 45 (1930). In this case the plaintiff did not demonstrate that any “mistake, inadvertence or neglect was excusable and was not due to his own carelessness,” Murphy v. Administrator of Div. of Personnel Adm., 377 Mass. 217, 228 (1979), nor did she prove that defendant’s counsel’s conduct constituted misconduct. Therefore we rule that the motion judge abused his discretion by allowing the motion and order that the clerk of the district court vacate the allowance of the plaintiffs motion seeking relief from judgment and enter an order denying said motion.

 The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceeding was entered or taken. Dist./Mun. Cts. R. Civ. R, Rule 60(b).

 “In the event... a heretofore stated address or telephone number is changed, the party or attorney concerned shall notify the court and every other party (or his attorney, if the party is represented) in writing.” Dist./Mun. Cts. R. Civ. P., Rule 11(d).