LoConto, P.J.
The defendants brought this appeal in accordance with Rule 8C of the Dist/Mun. Cts. R. A D. A challenging the trial judge’s decision to deny their motion to extend time to file a notice of appeaL We decide that the trial judge did not abuse his discretion by denying said motion; nevertheless, we decide the issue sought to be reviewed. The following tacts are necessary for an understanding of the issues.
The plaintiff pro se, filed a small claim action in the Westborough Division of the District Court on or about July 24,1998. The action sought damages by a landlord against former tenants for injury to the leased property. The plaintiff served the defendants at the address appearing on their Demand for Return of Security Deposit sent to the plaintiff dated April 2,1998. On or about September 15,1998, Attorney Matthew Barach came before the court with a request that the matter be transferred to the regular civil docket Although there is no evidence of a written motion to transfer, the plaintiff acknowledges acquiescence to the defendants’ request The record also indicates that on that same date a document entitled “Counterclaim and Complaint” was filed with the court bearing the signature of the defendants followed by the words “pro se.” No address was listed. The record does not suggest that an answer was filed, nor does it contain an appearance of counsel The docket entries indicate that the court received a request by the plaintiff for the production of documents and an answer to the counterclaim on September 25,1998, and October 26, *117 1998, respectively. By motion filed November 2, 1998, the plaintiff moved for an order from the court compelling the defendants to respond to the previously filed request for production of documents. The motion was marked up for hearing on November 9,1998, and was served by mail on the pro se defendants at the same address previously provided by the defendants on their request for the return of the security deposit Because there was no counsel of record, Attorney Matthew Barach was not served a notice of said hearing. After hearing held before the court, Waick-owski, J., at which time neither the defendants nor counsel appeared on their behalf the motion was allowed and the defendants were ordered to respond within thirty days. Receiving no response from the defendants, the plaintiff filed a request for the entry of a default and a default judgment on December 22,1998. On January 4,1999, a motion to remove the default was filed by counsel on behalf of the defendants.[2] After hearing, the court denied the motion and made findings of facf specifically finding that no appearance of counsel was filed until January 25,1999. That appearance is of Attorney Malcolm Barach, father of Matthew Barach. In a subsequently filed motion to reconsider the motion to remove the default and default judgment, Attorney Matthew Barach claimed in an affidavit that he represented the defendants in this action, stated that he never received the motion or documents that resulted in the default and was unaware of their existence. He also asserted that he had been in court on December 16,1998, and requested that the clerk enter his appearance.[3]
Upon request, an execution was mailed to the plaintiff on February 4,1999. On February 23,1999, the defendants filed an untimely notice of appeal and a motion for reconsideration and for stay of execution. These postjudgment motions were denied on March 8,1999. On April 1,1999, the defendants filed a motion to extend the time to file a notice of appeal. That motion was denied on April 12,1999. No judgment entered on the counterclaim. From the denial of the motion to extend the time to file a notice of appeal, the defendants commenced this appeal
Rule 11(a) of the Mass. Rules of Civil Procedure requires that every pleading of a party represented by an attorney be signed by said attorney. If not represented by counsel, a party must sign the pleading and include an address and telephone number. Rule 11(b) (1) states that “[t]he filing of a pleading or motion or other paper shall constitute the appearance by the attorney who signs it, unless the paper states otherwise.” The same can be accomplished by the filing of a notice of appearance containing tiie name, address, and telephone number of the attorney. Mass. R Civ. R, Rule 11(b)(2). In the present action, no attorney signed the counterclaim filed by the defendants and in feet, it was unambiguously signed by them “pro se.” Contrary to the rule, it did not contain an address or telephone number. Without any other address offered by the defendants, nor with an appearance by counsel, the plaintiff was justified in serving his initial request for the production of documents and the subsequent order to compel the production on the defendants at the address they previously provided. This was the identical address successfully used, without objection, to serve the original small claim action. Notwithstanding the defendants’ claim that they did not receive notice of the documents that resulted in the default judgment, the trial judge’s decision to deny the posljudgment motions was justified under the circumstances and did not constitute an abuse of discretion. The plaintiff did everything possible to serve notice on the defendants and there was no requirement that he serve Attorney Barach. The plaintiff complied with the rule of court See Mass. R. Civ. P., Rule 5(b); also, Bird v. Ross, 393 Mass. 789 (1985).
The defendants attempted to challenge the correctness of this ruling by the filing of a motion to extend the time to file a notice of appeal The procedure is governed *118 by Rule 4(c) of the Dist/Mun. Cts. R.A.D.A. The rule requires that “[u]pon a showing of excusable neglect or other good reason, the trial court may extend the time for filing the notice of appeal by any party for a period not to exceed ten days from the expiration of the time otherwise prescribed by the rule.” “An abuse of such discretion could be found only where no conscientious judge, acting intelligently, could honestly have so ruled on the motion.” Miller v. Scannell, 1997 Mass. App. Div. 166, Excerpt from page 1997 WL 650975 *3. Excusable neglect calls for unique or extraordinary circumstances. Spound v. Mohasco Indus., Inc., 534 F.2d 404, 411 (1st Cir.), cert. denied, 429 U.S. 886, 97 S.Ct. 238, 50 L.Ed.2d 167 (1976). The concept of excusable neglect does not embrace “[a] flat mistake of counsel about the meaning of a statute or rule” or other “garden-variety oversights].” Goldstein v. Barron, 382 Mass. 181, 186 (1980). Although the rule imposes a brief time period in which to file a notice of appeal, as the commentary to the rule states, it is essentially just a “foot in the door” giving appellant sufficient time to select and pursue one of three methods of appeal The defendants could not meet that insignificant challenge and there was no abuse to deny the request to extend the time in which to file a notice of appeal. For the above stated reasons, wé find no prejudicial error and dismiss the appeal

 The record does not contain a copy of the motion to indicate whether it was filed by Malcolm Barach or his son, Matthew Barach.

 In fact, counsel was in court on September 25,1998.