Creedon, J.
Janie and Lawrence Eritzman (“Eritzman”), the Tenants-Defendants, have appealed the allowance of a motion to allow late filing Notice of Appeal due to excusable neglect pursuant to Dist/Mun. R A D. A Rule 4(c) filed by Glenn Schaff (“Schaff”) the Plaintiff-Landlord. The sole issue on appeal is whether the motion judge abused his discretion in allowing the late filing of said appeal for Plaintiff s excusable neglect
This appeal arises out of one of two separate complaints filed in the Brookline Division of the District Court the present complaint Summary Process Docket No. 0009CV0223, and a small claims action, Docket No. 0109SC0230, both involving the same parties and the same issues.
On August 24, 2000 at the hearing on the summary process complaint the parties agreed to an Order and Judgement awarding possession to Schaff but staying execution to December 1,2000. The parties could not settle the disputed security deposit counterclaim filed by the Eritzmans to return the $2,400.00 security deposit. The court took that issue under advisement.
Eight months later on April 19, 2001 the Eritzmans filed a Small Claims complaint in the same Court docket No. 0109SC0230 to return the same security deposit the subject of which had already been taken under advisement by the Court in the Summary Process complaint on August 24, 2000. The Small Claims matter listed different Attorneys representing the parties than were listed on the docket sheet of the summary process complaint
On June 28, 2001, the scheduled trial date, the Eritzmans’ Counsel attempted by motion to transfer the small claims matter to the Civil Docket Schaff was appearing pro se on that date and had no prior notice of the motioa The Small Claims docket sheet is silent as to the Judge’s action on the motion of June 28,2001 but shortly thereafter on July 24, 2001 the Court (Goodwin, J.) entered an order awarding the Eritzmans treble damages on their counterclaim in the amount of $7,200.00 under M.G.Lc. 186, §15B.
Following file July 24,2001 order of the Court it is unclear from the record before us as to which counsel received notice of the Courf s order. The present counsel for Schaff argued before the motion Judge that notice was sent to Schaffs former counsel and not to Schaff Schaffs present counsel was confused as to the Courfs action on both the Summary Process case and the Small Claims case. Schaffs present counsel attempted to contact the Eritzmans’ counsel several times to discuss the two matters that were the subject of the June 28,2001 court appearance but said calls were not returned until the day after the ten-day notice of appeal period had run. The following day, August 7,2001, Schaffs counsel filed the motion to allow late filing of notice of appeal. A month later on September 7,2001 the motion was allowed by Judge Martin.
*173 We affirm the Judge’s allowance of the motion as the record of the proceedings indicates excusable neglect parity caused by the confusing procedures of the Court The motion Judge property exercised his discretion in allowing the motioa The Massachusetts case law regarding “excusable neglecf recognizes that such issues are addressed to the discretion of the judge. Bird v. Ross, 393 Mass. 789 (1985); Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426 (1979); Lamelsky v. Butler, 2001 Mass. App. Div. 116.
In a Massachusetts Appeals Court case Standard Register Company, Inc. v. Bolton-Emerson, Inc., 35 Mass. App. Ct. 570 (1993) at page 574 Judge Kaplan stated:
We believe that procedural rules (including administrative directions) should be faithfully followed and derelictions condignly discouraged or sanctioned. But though procedural law has some claims of its own, its main function is to facilitate adjudication on the merits — not to abort such inquiry and decision. The courts of the Commonwealth have long been committed to the understanding of the subject. As applied to appeals, our court has spoken of ‘the evolving rule that a procedural tangle having its origin in a failure by the court’ — here we may include the court clerk — ‘to observe the mandates of rules will generally be resolved in favor of preserving the rights of appeal where this result is technically possible and does not work unfair prejudice to other parties.’
In our present two cases, Summary Process and Small Claims, both complaining of the same issue regarding a security deposit, the motion judge properly viewed the potential confusion alleged by the Appellate Counsel and used his discretion to allow late filing of the notice of appeal. There was no error of law. The appeal is dismissed.
So ordered.