Welch, J.
The defendant, Kate Gallagher (“Gallagher”), appeals the trial court’s dismissal of the case, after judgment, from the active docket, and the court’s denial of her motion to extend the time to file a notice of appeal late. A brief procedural history puts the parties’ arguments in context.
Subsequent to a foreclosure, the details of which are not at issue, the plaintiff, Federal National Mortgage Association (“Fannie Mae”), brought an eviction action for possession against Gallagher, the mortgagor, who had remained in the foreclosed home. On March 29, 2012, the case proceeded to a bench trial. On May 3, 2012, the trial judge issued her findings and rulings of law. On May 7, 2012, judgment entered for Gallagher on Fannie Mae’s complaint for possession and against Gallagher on her counterclaim (“original judgment”). On May 10,2012, Fannie Mae filed a motion for reconsideration of the original judgment, arguing, in essence, that the judge’s determination was based on inapplicable or invalid law.[3]
*4 On May 16, 2012, nine days after the entry of the original judgment, Gallagher filed a timely notice of appeal of the original judgment. On May 21,2012, Fannie Mae filed its notice of appeal of the original judgment. During this initial flurry of appellate activity, the court took Fannie Mae’s motion to reconsider under advisement.
On June 15, 2012, the trial judge allowed Fannie Mae’s motion to reconsider the original judgment and reversed her decision, finding for Fannie Mae on its complaint for possession and rent. As a result of that ruling, on June 20,2012, judgment entered for Fannie Mae (“second judgment”). Ten days passed without Gallagher’s filing a notice of appeal as to the second judgment. The next filing in the case was Fannie Mae’s July 19, 2012 motion to dismiss the case from the active docket. The following day, Gallagher filed an opposition to the motion and an emergency motion to file a notice of appeal late. On July 26, 2012, another judge allowed Fannie Mae’s motion to dismiss and denied Gallagher’s emergency motion to file a notice of appeal late. On August 9,2012, Gallagher filed the instant appeal of the court’s July 26,2012 rulings.
Rule 3 of the Dist./Mun. Cts. R. A D. A “mandates that an appeal to the Appellate Division ‘shall be taken by filing a notice of appeal together with the filing fee required by law with the clerk of the trial court within the time allowed by Rule 4.’ Rule 4(a), in turn, requires that the required notice of appeal ‘shall be filed with the clerk of the trial court within ten days after the date of the entry of the judgment in the case being appealed.’” Citibank (S.D.) NA v. Surabian, 2013 Mass. App. Div. 45, 46, quoting Plavin v. Lutts, 2000 Mass. App. Div. 58, 59.
Rule 4(a) goes on to provide that “[i]f a post-judgment motion ... is timely served or filed in the trial court... by any party... (2) under Rule 59 to alter or amend judgment ..., the ten-day time for appeal for all parties shall run from the entry of the order... granting or denying ... such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing *5 of the motion as provided above.” As we consider Fannie Mae’s motion to reconsider the original judgment to have been, for the purposes of Rule 4 (a), a motion under Rule 59 (e), the cour f s allowance of the motion for reconsideration nullified Gallagher’s notice of appeal in this case. Having failed to file a notice of appeal within ten days of entry of the second judgment, Gallagher failed to preserve her appeal. The case was properly dismissed from the active docket.
Lastly, Gallagher argues that even if the notice of appeal period had passed, the trial judge erred in not allowing her emergency motion to extend time for filing a notice of appeal late. Rule 4(c) of the Dist./Mun. Cts. R. A. D. A. gives the court discretion to extend the time for filing a notice of appeal “[u]pon a showing of excusable neglect or other good reason.” “Such an extension may be granted before or after the time otherwise prescribed by this rule has expired.” Id. See Lamelsky v. Butler, 2001 Mass. App. Div. 116. The discretion conferred by the rule is consistent with that given judges in considering “excusable neglect” in other contexts. See Bird v. Ross, 393 Mass. 789 (1985); Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426 (1979) (motions to vacate judgment).
As good cause for her request, Gallagher argues, in substance, that neither she nor Fannie Mae believed that the court?s action on Fannie Mae’s motion to reconsider would nullify Gallagher’s notice of appeal. In other words, Gallagher contends that by filing a notice of appeal after filing its motion to reconsider, Fannie Mae lulled her into the erroneous belief that Fannie Mae would not press the argument that Gallagher’s notice of appeal of the original judgment failed to preserve her appeal after the court allowed Fannie Mae’s motion to reconsider. Noteworthy, however, is the absence of any suggestion that Gallagher was misled by anything that Fannie Mae or its counsel did or said with respect to Fannie Mae’s litigation strategy. The fact that Gallagher misread Fannie Mae’s counsel’s intentions was not a proper basis on which the court could have allowed Gallagher’s motion. The court did not abuse its discretion in denying her motion to file a notice of appeal late.

 While Fannie Mae’s motion was not explicitly brought under any particular rule of civil procedure, it was a motion to reconsider and would be construed as a motion under Mass. R. Civ. P., Rule 59(e) or 60(b). See, e.g., Pentucket Manor Chronic Hosp., Inc. v. Rate Setting Comm’n, 394 Mass. 233, 237 (1985). Given the basis of Fannie Mae’s motion to vacate, the motion is properly characterized as a motion to correct an erroneous judgment pursuant to Rule 59(e). See id. at 236-237 (discussing distinctions between Rules 59(e) and 60, and the inapplicability of Rule 60 to “general reconsideration of an order or a judgment” or to “challenging supposed legal errors”).
Gallagher’s contention that Fannie Mae’s motion to reconsider was not, for the purposes of this appeal, a Rule 59 motion is not compelling. In support of her argument on this point, Gallagher relies on Curly Customs, Inc. v. Pioneer Fin., 62 Mass. App. Ct. 92, 96-97 (2004), for the proposition that “a motion for reconsideration is not *4 the equivalent of a Rule 59 motion.” This reliance is misplaced. In Curly Customs, Inc., the Appeals Court addressed whether a party’s motion for reconsideration of a trial judge’s denial of its Rule 60(b) motion for relief from judgment served as a motion to alter or amend judgment under Rule 59. We read the sentence referenced above from Curley Customs, Inc. to refer to situations in which the parties seek reconsideration of a ruling on a motion, not a judgment. We find further support for this position in Selby Assocs. v. Boston Redev. Auth., 27 Mass. App. Ct. 1188, 1189-1190 (1989), in which the Appeals Court wrote:
In Turner v. Evers, 726 F.2d 112 (3d Cir. 1984), the court was faced with a matter remarkably similar to the one presently before us. The court said: ‘[Wjhere, as here, a motion styled as one for reconsideration is made by the same party that lost an earlier motion covered by [Fed. R. A. P.j 4(a) (4) and the factual and legal issues surrounding the earlier motion and the current motion are roughly similar, we see no good reason to allow such motions either to postpone the time for appeal or to destroy appeals filed during their pendency’ (emphasis in original). Id at 114.