Lenhoff, J.
These proceedings arise out of a small claim brought by the plaintiff against the defendant City of Springfield for damage to a motor vehicle resulting after contact with a pothole in a negligently or improperly maintained public way as alleged in said claim by sáid plaintiff. Hearing thereon had been scheduled on April 21, 1988 and the said defendant City, having failed to appear, was defaulted with judgment entered against it by the Trial Court in the sum of $411.44 plus costs of $8.89.
Thereafter, the defendant seasonably moved for Relief of Judgment, citing in its motion that the attorney assigned to the matter was unexpectedly scheduled for surgery on the hearing date and the case was mistakenly assigned to another attorney who was then on vacation. After hearing, the defendant City’s motion was denied.
In its denial of said motion, the Trial Court found’that the mistake or inadvertance on the defendant’s part did not rise to the level of good cause to grant the relief sought. Said Trial Court further indicated that it took into account the following: — (1) the failure of the defendant to notify the plaintiff that it was unable to be present at the original hearing date, (2) the small amount of the claim — $411.44, (3) the time and expense incurred by the plaintiff in having to appear in court on two occasions with witnesses due to the mistake or inadvertance of the defendant’s counsel; and, (4) the appearance of a meritorious claim of the plaintiff as evidenced by photographs and damage estimates presented to the court on May 12, 1988 when the Motion for Relief from Judgment was heard.
In addition to the above, the Report sets forth a colloquy by and between the defendant’s counsel and Trial Court revealing, upon inquiry by said Court as to any defense, the defendant’s response contending it had not received notice within thirty (30) days after injury as is required by the terms and provisions of G.L.c. 84, §18. Further, the defendant indicated it possessed a Motion to Dismiss that had been prepared for presentation at the April 21,1988 hearing, copy of which it gave to the Trial Court wherein it was set forth that the notice was received eight (8) days late. The Record disclosed that the Trial Court stated that if the plaintiff made a mistake by not giving timely notice, the defendant also had erred by its failure to appear in Court. Also, the Trial Court inquired if the parties wished to have a hearing on the merits of the claim notwithstanding the Default Judgment and lack of notice issue. The defendant’s counsel informed the Court that its removal of the default would not preclude its pursuance of the Motion to Dismiss. Whereupon, the Trial Court, although it *187 considered the allowance of the said Motion and assessing costs, denied same for the reasons hereinbefore mentioned.
The case at bar is now before this tribunal pursuant to G.L.c. 218, §23 (last paragraph), which reads as follows: —
No party to a cause under the procedure shall be entitled to a report. If the court is of the opinion that a question of law requires review, it may submit the matter in the form of a report of a case stated, to the appellate division.
In the light of the above quoted statute, the defendant is not, as of right, entitled to cause its grievance to be reported to this Body. Undoubtedly, such is the case because the small claims procedure “was intended by the Legislature to provide a simple, prompt, and informal means, at small expense, for ajudication of small claims.” McLaughlin v. Levenbaum, 248 Mass. 170, 175-176 (1924). However, the Trial Court, in its discretion, may submit the matter to the appellate division. This it has done. Hence, it is assumed that the Trial Court harbors the view that a “question of law requires review.”
It is fundamental, that for good cause shown, a court has the right, power and authority to set aside the entry of a default judgment. The vehicle to employ in seeking such action is a motion accordingly that is addressed to a Trial Court’s discretion. In taking what action the Court may deem appropriate, it considers various reasons to prompt its disposition, such as, (1) substantial prejudice or the lack thereof to the party who appeared, (2) the defaulting party’s fault or freedom from neglect; and, (3) whether there be a defense of merit. Also, what is involved, monetarily or otherwise, may be relevant.
Here, the Trial Court demonstrated the normal favorability generally held by Courts to have a trial on the merits. This it did by openly revealing its thought concerns and reservations. The Trial Court was aware of default sanction in its considering the imposition of costs; and, it clearly showed that effective enforcement of procedural compliance motivated its ultimate determinative decision. We take notice, as probably was so noticed by the Trial Court, of the following statement appearing in the case of Kravetz v. Lipofsky, 294 Mass. 80. 83 (1936): —
That discretion (to remove a default) should be exercised so as to promote an orderly administration of law and not to encourage carelessness, ignorance, or laxity in practice. Such (motions) should be allowed sparingly and only in aid of justice, and not to relieve against slovenly conduct not dictated by fidelity to the courts and intelligent loyalty to clients. Commonly they ought not to be granted when the (movant’s) cause of complaint grows out of the negligence or misconduct of his attorney, but such an aggrieved person should be left to seek his remedy against the one responsible for the wrong; this is the general although not the inflexible rule. The refusal to grant such a (motion) ordinarily presents no question of law.
The defendant contends that it possesses a most meritorious defense and that the denial of its Motion to Remove the Default Judgment is an abuse of discretion. A Trial Court is considered to have abused its discretionary power when the action taken is such that no conscientious judge, acting intelligently, could honestly have acted in like manner. See Long v. George, 296 Mass. 574, 579 (1937). Discretion signifies a just and proper decision in the circumstances and it is rare in which it has been ruled that an abuse of discretion occurred amounting to an error of law. See Bresnahan v. Proman, 312 Mass. 97, 102 (1942). Additionally, in Long v. George, supra, at page 578 therein, we find the *188 following informative language: —
In actions at law, “Unless he (the judge) shall have refused to exercise that discretion in favor of the. . .party under circumstances the proved existence of which required that for some legal reason he should do so, or unless he has refused to receive and consider evidence by which that discretion should be guided or controlled, his decision cannot be elsewhere reviewed. Commonwealth v. White, 147 Mass. 76, 78.
We observe that the Trial Court did have before it all factors to fully evaluate the defendant’s Motion; that it weighed all involved, applicable aspects and circumstances in order to either grant orto deny the said Motion; and, that its eventual action denying same gave greater credence to the found lack of good cause for failing to appear than to re-opening the case for hearing on the merits. We recognize that the Trial Court’s discretion resulted from the position or posture of balancing the rights of parties as same on occasion conflict with good court procedure and administration. It is clearly revealed that the Trial Court was so guided in its thinking and final resolution of the factual question presented. We discern no abuse of discretion and the Record discloses a decision of the Trial Court, honestly taken and appears to be both intelligent and conscientious. Hence, the Trial Court was justified in exercising its discretionary power and it acted properly in denying the plaintiffs Motion.
In consequence of the foregoing, the Report be and is hereby dismissed.