Banks, J.
This is an action brought in the Malden Division of the District Court Department to recover damages allegedly sustained as a result of the defendant-insurer’s denial of the plaintiff-insured’s claim of loss.
The case is before this Division on entirely procedural considerations, no trial having taken place. At an early stage of the proceedings (prior to the filing of an answer), a motion to dismiss was filed and marked for hearing. Upon the nonappearance of an attorney for the plaintiff, the defendant’s motion was allowed and judgment was entered for the defendant. Approximately six (6) months later, the attorney for the plaintiff filed a motion for relief from judgment pursuant to Dist/Mun. Cts. R. Civ. P., Rule 60(b). From the allowance of that motion, the defendant has claimed this appeal.
The defendant concedes that a Rule 60(b) motion is addressed to the sound discretion of the trial court See, e.g., Bird v. Ross, 393 Mass. 789 (1985).
The following facts and allegations were before the trial court at the hearing on the plaintiffs motion:
1. The alleged theft which is the basis of the plaintiffs claim is recited in the complaint to have occurred on August 30,1987.
2. The complaint in the instant matter was filed on August 30,1989.
3. On December 4, 1989, the defendant filed a motion to dismiss the complaint under Dist/Mun. Cts. R. Civ. P., Rule 12(b) (6) as failing to state a claim upon which relief could be granted. The motion recited that: “The complaint was filed on August 30,1989, one day after two year limitation set forth in the policy.” No copy of that policy ofinsurance appears to have been appended either to the complaint or the motion. Although duty served by defendant, plaintiffs counsel did not receive a copy of the notice of the December 13,1989 hearing on the motion until that afternoon.
4. On December 13,1989, the plaintiff not appearing, the defendant’s motion was allowed and the complaint dismissed.
5. On June 18,1990, the plaintiff filed the motion for reconsideration and relief from judgment which is the subject of the present appeal.
6. With her motion for relief from judgment, the plaintiffs counsel submitted affidavits indicating that she had been admitted to a hospital for a major surgery on November28,1989, that she was unable to return to work at all until January 4,1990 and was able to return to full time work only in April, 1990. The affidavit recited that although the plaintiffs counsel had made arrangements for an office manager and another attorney to review her mal in her absence, she did not learn of the motion to dismiss until the afternoon of the hearing date when it was too late for her to request a *87 postponement or have a substitute appear for her.
The case of Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426 (1979) suggests as the factors to be considered in the granting or denying of a motion for relief from judgment the following:
1. whether the offending party has acted promptly after entry of judgment to assert his claim for relief therefrom.
2. whether there is a showing... that the claim sought to be reviewed has merit.
3. whether the neglectful conduct occurs before trial as opposed to during, or after the trial.
4. whether the neglectwastheproductofaconsciously chosen course of conduct on the part of counsel.
5. whether prejudice has resulted to the other party.
6. whether the error is chargeable to the party’s legal representative, rather than to the party.
Considered in the light of these guidelines, we have in the instant case a situation in which a strong excuse was offered for neglect or inadvertence which occurred before trial, which was occasioned entirely by the attorney and which was clearly not a “tactic” on the part of the attorney. As to the merits of the case, the rejection of the plaintiffs claim by the defendant-insurer apparently rested entirely upon a suspicion that the plaintiffs claim was fraudulent. The substance of this matter thus turns on the credibility of witnesses which must be determined by afinder of facts. The defendant’s contention, as set forth in its dismissal motion, that the complaint was without merit because filed a day after the expiration of a two year limitations period established by the insurance policy must be considered dubious, at best; is unsupported by a copy of the contract of insurance; and may, in any event, be easily resolved upon any rehearing of the motion to dismiss.
Defendant has argued that plaintiffs attorney was, according to her affidavits, aware as early as the day of the entry of judgment of the likelihood of such judgment and that she did nothing to seek relief or even to suggest to the defendant her intention to seekreliéffrom judgment until the filing ofthe Rule 60(b) motion on June 18,1990. While undoubtedly inconvenient for the defendant, this lapse of time has not been argued as seriously prejudicing the defendant What the trial court considered to be sufficient promptness in the circumstances was, again, within the sound discretion of that court. Allowance of the plaintiffs Rule 60(b) motion in this matter cannot be said to have been an abuse of discretion under the applicable standard. “Only where a question ordinarily discretionary is so clear that discretion is superseded by imperative legal duty can the result be revised." Bartley v. Phillips, 317 Mass. 35, 44 (1944).
The reportiis dismissed.
So ordered.