Sabra, J.
This is an action to recover damages for goods delivered. Summary judgment entered for the plaintiff against Carl 0. Dumas, individually and as Trustee of Autumn Street Realty Trust (hereinafter “Dumas”). The co-defendant was defaulted, and damages were assessed against John Kenny, individually and as Trustee of Autumn Street Realty Trust (hereinafter “Kenny”). The defendants have appealed. Raised by the defendants are various substantive arguments which allege that material issues of fact presented themselves on the issue of liability and thus precluded the motion judge from entering summary judgment or assessing damages. Kenny presents a separate argument that the trial court lacked personal jurisdiction over him, in either capacity, because of the insufficiency of service of process.
We affirm in part.
With regards to Dumas, it is not disputed that he was served with requests for admissions by plaintiff in October of 1997, and failed to respond to those requests. In fact, it is not in dispute that at the time of the hearing on plaintiffs motion for summary judgment, on October 29,1998, Dumas had still not answered the plaintiffs requests. Accordingly, the answers are deemed admitted and conclusive, see Mass. R. Civ. R, Rule 36, and could be considered by the court on plaintiffs motion for summary judgment. First Nat. Bank of Cape Cod v. North Adams Hoosac Sav. Bank, 7 Mass. App. Ct. 790 (1979).
What was admitted and deemed conclusive under these circumstances are the following salient facts: (1) Autumn Street Realty Trust ordered goods from plaintiff; (2) Dumas is a trustee of the trust; (3) Dumas and Kenny are the only beneficiaries of the Autumn Street Really Trust; and (4) the Autumn Street Realty Trust is indebted to plaintiff for the goods that it delivered. These admissions establish a prima facie case against Dumas as Trustee of the Autumn Street Realty Trust and individually. See Apahouser Lock & Security Corp. v. Carvelli, 26 Mass. App. Ct. 385 (1988). Because Dumas failed to seek relief from such admissions, Mass. R. Civ. R, Rule 36(b), the motion judge accorded the admission proper weight and correctly entered summary judgment.
Troubling, however, is the procedural posture from which Kenny appeals. Kenny was defaulted. It was not until after the default had entered that the requests for admissions were purportedly served on him. Thus, without the removal of the default, Kenny was not in a position to file any answer or response *242 to the requests for admissions. At the motion for assessment of damages, Kenny raised by affidavit the issue of insufficiency of service of process. However, it was not in the context of a formal motion to remove the default. See Mass. R. Civ. R, Rule 55 (e). Rather, it was raised in a posture of a defense to the imposition of liability. Placing aside the issue of form over substance, we have an obligation when presented with a question of jurisdiction over the parties to address the issue whether or not the question was properly presented below. Witzgall v. Witzgall, 334 Mass. 365, 368 (1956).
It is apparent on the record that Kenny, by affidavit, established that he had not resided at the address which was thought to be his “last and usual” for over ten years and that the plaintiff was aware that he did not reside at the address at which service was made. These averments were not challenged by the submission of counter affidavits or orally challenged at the assessment hearing. There is no evidence upon the record for this court to find that Kenny had any type of notice prior to default. Upon the record, it is clear that the Court never obtained personal jurisdiction over Kenny, Farley v. Sprague, 374 Mass. 419 (1978); Mimose Saint Louis v. Balloons Over Boston, 1998 Mass. App. Div. 54, and that the judgment against him is void.
We need not address in any detail the defense argument that this action was barred by the principle of res judicata since this defense was not raised in Dumas’ answer. (It is noted that Dumas did not file a formal answer but the court accepted his affidavit as a general denial of liability and deemed it his answer.) The failure to raise an affirmative defense in an answer effectively waives this defense. Mass. R. Civ. R, Rule 12. We note that on the merits, this defense would have failed since the parties in the Wrentham action were not identical to the parties in the Newton District Court action and the issues raised were similarly not identical. Bagley v. Moxley, 407 Mass. 633 (1990). Thus, there is neither claim nor issue preclusion which would have prevented the cause of action from proceeding in the present case.
Accordingly, the judgment as to Dumas is affirmed and the judgment as to Kenny is reversed.
So ordered.