Meagher, J.
Boston University (the “Plaintiff) appeals the allowance of a motion to vacate a default judgment against Nancy M. (Tates) Walker (the “Defendant”). A judge of the Boston Municipal Court allowed the motion on March 9, 2001. The issue presented by this appeal is whether the motion judge abused her discretion in granting the Defendant's motion.
The record before the court reveals the following course of proceedings. On August 18,1989, the Plaintiff obtained a default judgment against the Defendant in this court for the amount of $3,788.64 in damages and $54.25 in costs for the balances owed on a promissory note and for tuition at Boston University.
On or about January 26,1990, the Plaintiff filed an application for supplementary process with the Roxbury District Court The Defendant failed to appear at the supplementary process hearing, and a capias issued against her. On July 26,1990, the Defendant was served with the capias. She appeared in court for a hearing. The Defendant agreed to make monthly payments of $30.00 to the Plaintiff, such payments to commence on August 15,1990. On June 18,1993, the supplementary proceedings were dismissed.
On January 14,1999, the Plaintiff filed a second application for supplementary process with the Roxbury District Court The application required the Defendant to appear before that court on March 11,1999. The Defendant failed to appear, and a capias issued. The capias was returned unserved.
Following telephone conversations with the Defendant and the Defendant’s husband, the Plaintiff filed a complaint to garnish the Defendant’s wages with the Dorchester District Court on June 8,2000. It appears that the Plaintiff also may have filed a separate motion to attach wages via trustee process with the Dorchester District Court, hut that motion is not part of the record of this appeal On or about February 12, 2001, the Defendant filed a motion to dissolve the wage attachment with the Dorchester District Court In her accompanying affidavit the Defendant stated that she was not aware of her scheduled court date and that she possessed documentation indicating that she “did not attend/withdrew from Boston University.”
On February 23, 2001, the Defendant filed a motion with this court to remove the original default judgment that was entered on August 18, 1989. In the statement accompanying her motion, the Defendant denied that she was notified to appear in court on August 18,1989.
On March 9, 2001, a hearing was held in this court department on the Defendants motion to vacate the default judgment entered on August 18, 1989. On March 9, 2001, the Defendant’s motion was allowed, and the default judgment entered on August 18,1989 was vacated. A trial on the merits of the matter was scheduled for March 28, 2001. The Plaintiff filed a notice of appeal on March 14, 2001 and an amended notice of appeal on March 16,2001.
Discussion
Neither the Defendant’s motion to vacate the default judgment nor the judge’s order granting the motion specifies the subsection of Mass. R. Civ. E, Rule 60(b), *228 under which the motion was brought Presumably, the motion was brought and granted under Mass. R. Civ. E, Rule 60(b) (6), which provides that “the court may relieve a party or his legal representative from a final judgment, order, or proceeding for... (6) any other reason [other than those reasons specified in subsections (1) - (5) ] justifying relief from the operation of the judgment”[1]
A ruling on a motion under Mass. R. Civ. P., Rule 60(b), is within the discretion of the judge. Bird v. Ross, 393 Mass. 789, 791 (1985); see Dahlke v. City of Springfield, 1988 Mass. App. Div. 186, 187 (1988) (motion to set aside default judgment appropriately addressed to the judge’s discretion). A decision under such rule “’will not he reversed on appeal save for abuse.”’ Bird v. Ross, supra, quoting Parrell v. Keenan, 389 Mass 809, 815 (1983). A judge has committed an abuse of discretion when he or she takes an action “that no conscientious judge, acting intelligently, could honestly have taken.” Long v. George, 296 Mass. 574, 579 (1937). The term discretion indicates the absence of a clearly defined rule, but it does not allow for a decision that is completely arbitrary. Id. at 578. Thus, our review of the judge’s allowance of the motion to vacate the default judgment necessarily begins with clear deference to her exercise of discretion under Mass. R. Civ E, Rule 60(b). Lewandowski v. Borghi, 1989 Mass. App. Div. 80, 81 (1989).
The judge made no findings of fact in connection with the allowance of the motion, nor is she required to make such findings under Mass. R. Civ. E, Rule 52. It appears that the judge believed some or all of the Defendant’s testimony at the hearing in support of the motion. The Defendant stated that she never received service of process in connection with the initial action brought by the Plaintiff. The Defendant also said that she did not attend Boston University during the time for which the payment is sought In relieving the Defendant from operation of the default judgment, the judge did not abuse her discretion under the applicable standard. “’Only where a question ordinarily discretionary is so clear that discretion is superseded by imperative legal duty can the result be revised.’” Roberto v. Dorchester Mut. Fire Ins. Co., 1991 Mass. App. Div. 86, 87 (1991), quoting Bartley v. Phillips, 317 Mass. 35, 44 (1944).
In addition, the matter was not dismissed and remains viable. The Defendant’s motion to vacate the default judgment did not ask that the action against her be dismissed. Rather, it requested that the case be restored to the court’s calendar. In her allowance of the Defendants motion, the judge ordered that the matter be scheduled for a trial on the merits and that “[n]o requests for continuance will be allowed.” The judge’s order reflects an acute awareness of the preference for courts to enter judgments after trials on the merits. See, e.g., Dahlke v. City of Springfield, 1988 Mass. App. Div. at 187 (in affirming the denial of the defendant’s motion to set aside a default judgment, the appellate division noted that trial courts generally favor a trial on the merits).
Accordingly, we affirm the motion judge’s allowance of the Defendants motion to vacate the default judgment and dismiss the Plaintiffs appeal.

 A motion to vacate judgment brought under subsection (1), (2) or (3) must be made “not more than one year after the judgment, order or proceeding was entered or taken.” Mass. R. Civ. E, Rule 60(b). The Defendant does not meet this requirement In addition, she does not allege that the judgment is void, which is a requirement under subsection (4), or that it has been satisfied which would be necessary if the motion was brought under subsection (5).