Creedon, J.
This is a Dist/Mun. Cts. RADA, Rule 8C appeal of the allowance of a defendant-appellee Scott F. Campbell (“Campbell”) motion under Mass. R Civ. P., Rule 60(b) (6) removing a default judgment in favor of the plaintiff-appellant Mass. Higher Education Assistance Corporation (“Mass. Higher Ed.”)
Mass. Higher Ed., in its notice of appeal, cited two issues of law they claim were errors by the motion judge. First, the judge lacked power, authority, or jurisdiction, after eight years had elapsed, to set aside a default judgment Second, if the motion judge had the authority to vacate the judgment she abused her discretion in so vacating.
The underlying suit in the Hingham District Court was on two promissory notes signed by Campbell on June 4,1986 for $2,500.00 and on November 29,1987 in the amount of $2,500.00 both of which were student loans guaranteed by Mass. Higher Ed. The notes in 1986 and 1987 gave Campbell’s address as 25 Meeting House Lane, Scituate, Mass., the home where his parents live. The complaint in paragraph 3 states “a promissory note, a copy of which is appended as “Exhibit A’”[1]
Mass. Higher Ed. obtained a default judgment in the Hingham District Court on May 7,1992. On December 1,2000 Campbell filed a motion to set aside judgment, which was allowed on April 20, 2001. Although counsel for Mass. Higher Ed. has argued that Campbell had no authority after eight years had elapsed to bring a motion to set aside, it is apparent from the record that the motion to set aside was pursuant to Rule 60(b) (6) which has no time limit
At the hearing on the motion Campbell’s counsel raised several issues to support its contention that justice required the vacating of the judgment Campbell alleged that he was never served with process in the matter and had not lived in his parents’ Scituate home for many years.
Additionally, it was brought to the motion judge’s attention that Campbell first discovered the Hingham judgment when sued in the Brighton District Court on a Supplementary Process complaint The amount of the judgment on the Hingham suit appeared to Campbell to be in error, as approximately $3,881.00 of the Defendants tax refunds for the years 1995, 1997, 1999 and 2000 had been intercepted and credited by Mass. Higher Ed.’s counsel, Daniels Law Offices to an entirely different suit brought in the Boston Municipal Court on a different loan directly from Boston University to Campbell. The Daniels Law Office represented both Boston University and Mass. Higher Ed. There were also several payments credited from *51 Campbell’s parents on the various debts, but it is unsure to which accounts the payments were credited.
Mass. Higher Ed.’s exhibits “I and L” attached to Appellant’s brief also allude to “a promissory note” not two notes as of August 4,2000 in a letter from the Daniels Law Offices to counsel for Campbell along with Campbell’s parents’ letter with payments directed to the Boston Municipal Court suit
The motion judge had information before her that questioned service of process on Campbell, accounting and complaint discrepancies that in fairness required relief from judgment Chief Justice Hennessey in the case of Chavoor v. Lewis, 383 Mass. 801, at 807 (1981) stated:
We are persuaded that the circumstances of lack of notice alleged by the plaintiff here, and believed by the District Court judge below, brought this case within subdivision (6) of rule 60(b). The judge thus had the power to grant the motion to vacate in the exercise of his discretion. Because the judge acted within his power, the only possible justification for our asserting appellate jurisdiction in this case — i.e., the District Court judge’s lack of power to grant the motion to vacate after one year — is absent The appeal must be dismissed.
There are numerous cases upholding the motion judge’s discretion to vacate under Rule 60(b)(6) Chavoor, Supra. See Winthrop Corp. v. Lowenthal, 29 Mass. App. Ct. 180 (1990); Chiu-Kun Woo v. Richard S. Moy, 17 Mass. App. Ct. 949 (1983); Konan v. Carroll, 37 Mass. App. Ct. 225, 229 (1994); Adoption of Reid, 39 Mass. App. Ct. 338, 341 (1995); Rezendes v. Rezendes, 46 Mass. App. Ct. 438 (1999).
The order vacating and setting aside judgment was correct The appeal is dismissed.
So ordered.

 In fact, the amount sued for was for both the 1986 and 1987 notes notwithstanding the reference to one note.