Barrett, J.
Plaintiff-Appellant (Chawla) appeals pursuant to Dist/Mun.Cts. R. A. D. A., Rule 8A, from a denial of her motion to vacate a judgment of dismissal.[1] The dismissal, in favor of Defendant-Appellee (Musto), was entered in accordance with Mass. R. Civ. P, Rule 33(a), for Chawla’s failure to answer interrogatories.
The summary of undisputed facts offered pursuant to Rule 8A is as follows. On February 13,2002, Chawla sued for negligence arising out of an auto accident Musto properly served Chawla with interrogatories on March 25, 2002. The interrogatories were not answered. On August 29, 2002, Musto served Chawla with a Final Request for Answers pursuant to Mass. R. Civ. E, Rule 33 (a) (3). The interrogatories remained unanswered and on October 9,2002, Musto filed and served Chawla with an Application for Final Judgment of Dismissal. Still, no answers were forthcoming. On October 17,2002, the court issued a final judgment of dismissal. Chawla filed her motion to vacate judgment on October 29,2002[2] It was denied, following a hearing on November 12,2002.
Chawla lodges this appeal on two grounds: (1) that the matter should not have been dismissed because Musto’s application for final judgment did not contain language advising Chawla that her failure to file answers within thirty (30) days would result in the dismissal of her claim, and (2) that even if the case was properly positioned for dismissal, the court abused its discretion in doing so.
On May 1,2002, Mass. R. Civ. E, Rule 33 (a), was revised to provide that interrogatories and answers were no longer to be filed with the court[3] The revision relieved court clerks of their obligation to send out notices concerning late answers. The revised rule put the onus on the interrogating party to notice opposing counsel if answers to its interrogatories are outstanding. The interrogating party must also advise if it plans to seek a judgment for noncompliance with Rule 33. It is the absence of this notice to seek final judgment in Musto’s August 29th request of which Chawla complains. Only when a party applies for final judgment is the court involved. At that point, the interrogating party files an affidavit outlining the series of events leading up *170 to its application. See Rule 33(a) (4). The court then, based upon the affidavit, which must include a copy of the final request, issues its judgment Rule 33 (a) (6).
Chawla’s counsel candidly admits her practice has been to withhold answers to interrogatories until she receives notice of a request for final judgment This court sees no need to comment on the dangers associated with such a practice. Chawla does not contend she did not receive the interrogatories or the notices sent by Musto. Her argument is that while she knew her answers were long overdue, she was either unaware that final judgment could enter, not having been properly noticed by Musto, or she thought that judgment could not enter because the “final request” was procedurally deficient A final request for answers is designed not only to place the delinquent party on notice concerning the status of its answers but also to advise that final judgment may enter if answers are not received within thirty (30) days. Without this “admonition,” Chawla contends that any dismissal of her claim was improper. We disagree.
Chawla was represented by counsel throughout these proceedings. Her attorney, while perhaps not familiar with the recent rule change, was very familiar with the time limits imposed for answering interrogatories, both before and after a request for final judgment. Counsel’s practice of waiting, apparently without reason, for a request for final judgment before answering interrogatories makes a game of the civil procedure rules. Partlow v. Hertz Corp., 370 Mass. 787, 790 (1970) (dismissal of plaintiffs action was affirmed when plaintiff failed to provide adequate answers to interrogatories, noting apparent lack of diligence and failure to take seriously responsibility of conducting litigation in compliance with rules of civil procedure). Counsel’s stated familiarity with Rule 33(a) before its revision on May 1, 2002, means that when she received a final request for answers on August 29, even though it contained no notice of an intent to apply for final judgment, she was aware Musto had started the process that could end in her case being dismissed. By taking no action, she knowingly assumed the risk of dismissal and cannot “convincingly claim she was denied due process.” See Peipul v. Bryson, 41 Mass. App. Ct. 932, 932-33 (1996) which holds:
Rule 33(a) is neither obscure nor unfamiliar: interrogatories are to be answered within forty-five days. Step one of the application for a final judgment — for failure to answer within forty-five days — is a routine event. Parties are then on notice that, unless the court orders otherwise, the interrogatories must be answered within the next thirty days or the machinery which produces final judgement may begin to engage in earnest A posture of relaxation at that point is perilous, however much the day-to-day culture among lawyers tends toward a relaxed attitude about the rigors of the rules.
*171 A telephone call to opposing counsel at any point during these proceedings to explain why die answers were overdue and to request an extension was apparently never made. Had Chawla taken even the late opportunity to file her answers after she received notice of the application (October 9,2002) but before judgment entered (October 17,2002) she would have forestalled the entry of judgment At her peril, however, she took no action from March 25,2002, when the interrogatories were served, until October 29,2002, whenJ she filed her motion to vacate. Had Chawla been unrepresented, her claim of surprise at the issuance of a final judgment, under these circumstances, would carry more weight But here, such a claim, after more than seven months of inaction, rings hollow. Musto’s failure specifically to advise it was not proceeding to final judgment is not enough to save this plaintiff. The dismissal here was not due to a lack of notice, but to a lack of action.
Chawla’s claim that the court abused its discretion in failing to allow her motion to vacate judgment also fails. The decision of whether or not to vacate judgment is “committed to the sound discretion of the (motion) judge.” Greenleaf v. Massachusetts Bay Transport Auth., 22 Mass. App. Ct. 426, 429 (1986) and cases cited therein. An appellate court will not reverse the motion judge’s decision “except upon a showing of a clear abuse of discretion.” Scannell v. Ed. Ferreirinha & Irmao, Lda., 401 Mass. 155, 158 (1987). That discretion is not abused unless it is exercised in an arbitrary, capricious or whimsical fashion. Berube v. McKesson Wine & Spirits Co., 7 Mass. App Ct. 426, 433 (1979), citing Davis v. Boston Elev. Ry., 235 Mass. 482, 496 (1920). The party claiming excusable neglect must demonstrate that the mistake or neglect was excusable and not due to its own carelessness. Doris Chu Tai v. City of Boston, 45 Mass. App. Ct. 220, 223 (1998) quoting Reporters’ Notes to Mass. R Civ. R, Rule 60(b) (1). Excusable neglect is meant to apply to circumstances that are unique or extraordinary, not the garden-variety oversight Feltch v. General Rental Co., 383 Mass. 603, 613-14 (1981).
The factors to be considered by the motion judge when considering a motion to vacate include the following: (1) whether the offending party acts promptly after entry of judgment to assert his claim for relief; (2) whether there is a showing either by way of affidavit, or otherwise apparent on the record, that the claim sought to be revised has merit; (3) whether the neglectful conduct occurs before trial, as opposed to during, or after the trial; (4) whether the neglect is the product of a consciously chosen course of conduct on the part of counsel; (5) whether prejudice results to the other party; an (6) whether the error is chargeable to the party’s legal representative, rather than the party himself. Berube, at 430-31.
With these factors in mind, a judge could find that Chawla made no offer in the form of an affidavit or otherwise to support her contention that she had a meritorious claim; a bare allegation is insufficient Tai, at 223. A judge would also be correct in determining that the neglect here was a conscious course of conduct, and as such, not excusable.
While another judge may have come to a different conclusion based upon a majority of factors cited in Berube, the standard for review is not “substitute judgment,” Scannell, at 160, but one of “marked deference” to the motion judge. Berube, at 434; Cullen Enters., Inc. v. Massachusetts Prop. Inc. Underwriting Ass’n, 399 Mass. 886, 894 (1987). It is enough that the judge could have denied the motion to vacate within the bounds of his discretion; beyond that, appellate inquiry will end. Scannell, at 160. The appellate courts generally defer to the motion judge because he is in the best position to assess the merits of the motion and balance efficient case-flow management with a litigant’s rights. Greenleaf at 434.
In light of the facts and the standard of review, we find no abuse of discretion in the denial of plaintiff’s motion.
The order denying the motion to vacate judgment is affirmed.
So ordered.

 Chawla’s motion for reconsideration of her motion to vacate was heard and denied by Judge Wexler. Her appeal is from the original denial of her motion.

 Although Chawla’s motion did not cite a rule under which she seeks relief, the court will consider her request pursuant to Mass. R. Civ E, Rule 60 (b) (1).

 The pertinent part of Rule 33(a)(3) reads as follows: "... for failure to serve timely answers or objections to interrogatories (or further answers, as the case may be), the interrogating party may serve a final request for answers, specifying the failure. The final request for answers shall state that the interrogating party may apply for final judgment for relief or dismissal pursuant to paragraph 4 in the event that the answers or objections are not timely filed. The party upon whom the interrogatories have been served shall serve the answers or objections within *170 thirty (30) days from the date of service of the final request or prior to the filing of an application for a final judgment for relief or dismissal, whichever is later.”
Prior to May 1,2002, Rule 33 (a) read as follows: “... for Mure to file timely answers to interrogatories (or further answers, as the case may be), the interrogating party may file a written application, serving a copy thereof in accordance with Rule 5 (a), specifying the Mure and requesting that final judgment be entered for relief or dismissal (as appropriate). Upon filing of such application, the clerk shall notify all parties that final judgment for relief or dismissal will be entered unless the answers be filed either within 30 days from the date of the notice or prior to the filing of a reapplication for a final judgment for relief or dismissal, whichever is later. At the expiration of 30 days from the date of the notice, or such further time as the parties may agree upon in writing filed in court or the court may allow, the interrogating party may reapply in writing for entry of final judgment for relief or dismissal. If no answers are then on file the clerk shall enter an appropriate judgment...”