Williams, PJ.
Claiming she had not been served with process, the defendant, Jennifer Johnson Viera (“Viera”), moved the trial court to vacate the default judgment that had entered against her. The motion judge denied the motion, which denial Viera now claims to be an abuse of discretion because she had acted quickly to vacate the judgment, and had asserted a meritorious defense to the action. We find no abuse of discretion, and so affirm the decision and dismiss the appeal.
Procedural History
The plaintiff, Hanover Insurance Company (“Hanover”), filed its complaint against Viera on April 15, 2003, alleging she had embezzled money from Hanover’s insured (Viera’s employer), resulting in a loss to Hanover of nearly $17,000.00. On April 28, 2003, Hanover filed its return of service, showing Viera had been served at her last and usual abode in Leominster.
On June 11, 2003 Viera was defaulted for failing to answer the complaint. According to Viera, her husband, whom she was divorcing, had hidden the process from her “for reasons of his own,” and she did not learn of the action until about July 6, when she received Hanover’s motion for assessment of damages. After speaking with her father, Viera scheduled a meeting with a Hanover representative for “sometime in mid- to late July.” Hanover cancelled the meeting the morning it was to occur. Viera then called Hanover’s counsel, who advised her to hire an attorney. Several weeks after that conversation, on August 11, default judgment entered against Viera. Execution issued on August 22. Viera does not suggest she was ignorant of those developments, but states that during this time she was trying to obtain counsel. Finally, in “early September,” some two months after learning of the default against her, Viera called present counsel. Another month later, on October 6, counsel moved pursuant to Mass. R. Civ. R, Rule 60(b) to vacate the judgment against Viera.[1] Viera filed an affidavit with that motion. The motion was set for hearing on October 24, but was postponed until October 31, apparently to afford Viera a chance to file a second affidavit offering a meritorious defense. The motion hearing was again postponed, to November 7, and then again, to December 19. At this point, the docket, and Viera’s explanation of it, become confused. The docket shows that a motion for reconsideration of an award of attorney’s fees was heard and denied on Decem *200 ber 22, 2003, but Viera’s motion to vacate the default judgment was not docketed as heard and denied until July 7,2004.
Discussion
Absent evidence from Hanover to the contrary, the motion judge was obliged to accept Viera’s uncontroverted affidavit testimony that her husband had hidden the process from her and that she did not know about the action until “about” July 6, 2003.[2] E.g., Enterprise Rent-A-Car Co. v. Bigelow, 2004 Mass. App. Div. 165, 166-67, citing, inter alia, Farley v. Sprague, 374 Mass. 419, 424, 425 (1978). Such aver-ments, however, establish at most only that Viera did not receive the service or actual notice in April 2003. They do not demonstrate that that service was improper or defective. Specifically, Viera did not aver that she did not live at the address where “last and usual” service was made. The sheriff’s return of service was prima facie evidence that Viera had in fact been served in the manner prescribed by Mass. R. Civ. R, Rule 4(d) (1); the burden then shifted to Viera to demonstrate that service had not been effected in compliance with that rule. E.g., Maniscola v. Kenworthy, 2002 Mass. App. Div. 203, citing Jackson v. Corley, 1997 Mass. App. Div. 25, 26. She did not so demonstrate. See, e.g., Bird v. Ross, 393 Mass. 789, 790, 792 (1985) (last and usual service on address of defendant signifies that plaintiff “complied with the statutory requirements for service of process”); Gill v. Flynn, 1997 Mass. App. Div. 138, 140 (“the general rule is that an officer’s return of service is conclusive of the matters recited therein” except as to nonresident defendants); see also Baker v. Short, 2000 Mass. App. Div. 268, 269 (the issue on a Rule 12(b) (5) motion is only “where the defendant’s last and usual place of abode was at the time of service ... the defendant [must] persuadef] the judge that service was insufficient because service was made at a place other than his last and usual....”).
Lumber Mut. Ins. Co. v. Cantore, 1992 Mass. App. Div. 218 is similar to this case. There, the defendant averred he had not received “last and usual” service at his house because he had no mailbox or mail slot, no posted street number, and no storm or screen door on his house. Further, his front door was at ground level with no porch, and the area in front of his house was wide open. The Lumber Mutual court held that such circumstances did not signify a failure of “last and usual” service. Id., at 219. Although Viera posits that someone might have actively prevented her from receiving the process served in April 2003, as opposed to suggesting that the physical conditions of her house made the success of such service unlikely, the result is the same. This case differs from the line of cases in which “last and usual service” was held insufficient to confer jurisdiction upon a defendant who established by affidavit that he or she did not live at the address where service was essayed. E.g., Farley, supra, at 425; Fleishmnn v. Stone, 57 Mass. App. Ct. 916, 916 (2003); Konan v. Carroll, 37 Mass. App. Ct. 225, 229 (1994); Enterprise Rent-A-Car, supra, at 167.[3]
Moving beyond the fact that Viera did not show that the “last and usual” service in April was defective, the trial judge could go on to consider Viera’s conduct from July to October 2003, during which time she had actual knowledge of the action. See Atlas Elevator Co. v. Stasinos, 4 Mass. App. Ct. 285, 287-88 (1976) (failure to vacate judgment for failure of service is discretionary when defendant is aware of litigation at early stage, motion to vacate is unseasonably late, and *201 defendant has failed to provide convincing and detailed outline of claimed defense),[4] cited in, e.g., Konan, supra, at 229-30, and in Cadle Co. v. Rowe, 2000 Mass. App. Div. 49, 50.
The well-worn standard for setting aside a default judgment, or not, under Rule 60(b) (1) directs a motion judge to consider at least the following factors: (1) whether the movant has sought relief promptly after entry of judgment; (2) whether she has shown, either by affidavit or otherwise on the record, that the claim sought to be revived has merit; (3) whether the neglectful conduct occurred before trial as opposed to during or after trial; (4) whether the neglect resulted from counsel’s conscious conduct; (5) whether the opposing party has been prejudiced; and (6) whether the neglect was counsel’s rather than that of the party herself. E.g., Chawla v. J & L Musto Constr., Inc., 2003 Mass. App. Div. 169, 171, citing, inter alia, Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426, 430-31 (1979). At play at the trial-court level is the balance between a policy favoring liberal allowance of such motions in light of judicial preference for outcomes based on the merits of the case, e.g., Ruma Enter., Inc. v. Big Mac’s Packing, Inc., 1994 Mass. App. Div. 110, 112, and the court’s concern for efficient case-flow management and achieving fair finality in cases that should not be allowed to proceed. See Chawla, supra, at 171. But because the motion judge is in the best position to assess those factors and policies, we pay “marked deference” to her decision, id., quoting Berube, supra, at 434, and measure her decision with the standard not of “substitute judgment” but of abuse of discretion. Chawla, supra, at 171. Indeed, we will not reverse the motion judge’s decision except upon a showing — by clear and convincing evidence — of an abuse of discretion, which requires the movant demonstrating that the judge’s discretion was exercised in an arbitrary, capricious or whimsical manner, resulting in a ruling that no conscientious judge, acting intelligently, could honestly have reached and that effectively amounts to a miscarriage of justice. Id., citing Scannell v. Ed. Ferreirinha & Irmao, Lda, 401 Mass. 155, 158 (1987), and Berube, supra, at 433; see also, e.g., In re Georgette, 54 Mass. App. Ct. 778, 787 (2002); Carlson, infra; and Boston Univ. v. Walker, 2001 Mass. App. Div. 227, 228 (‘“Only where a question ordinarily discretionary is so clear that discretion is superseded by imperative legal duty can the result be revised’”) (citation omitted).
Here, Viera did not demonstrate that the “last and usual” service made in April was improper or defective. She knew of the action in early July and did nothing — at least as far as the docket reflects — until October 6, some three months later, which was almost two months after default judgment entered. Although another judge might have allowed Viera’s motion to vacate the default judgment, this one did not. See, e.g., Maniscola, supra, at 204 (“Implicit in the abuse of discretion stan *202 dard is the possibility that two judges might come to opposite conclusions on the same set of facts, both of which might pass muster on appellate review”); see also, e.g., Scannell, supra, at 159-60. We cannot find that her decision smacks of “arbitrary determination, capricious disposition, whimsical thinking or idiosyncratic choice,” Carlson v. Silvia, 2002 Mass. App. Div. 190, 191 n.1 (further citation omitted), that it approaches being a miscarriage of justice, Georgette, supra, at 787, or that it must bow to legal authority dictating a different outcome, Boston Univ., supra, at 228.
The appeal is dismissed.
So ordered.

 That motion did not specify which subsection of the rule it was based upon, and, specifically, did not represent that it was a Rule 60 (b) (4) motion seeking a ruling that the judgment against Viera was void for lack of jurisdiction because no service had been made on her. The motion fails to set forth adequate grounds for relief cognizable under either Rule 60(b) (4) or (b) (6).

 Viera does not detail in her affidavit how or when she learned of her husband’s machinations, or how she learned of Hanover’s motion in July.

 See also, e.g., Maniscola, supra; Massachusetts Higher Educ. Assistance Corp. v. Campbell, 2002 Mass. App. Div. 50; Sarasota, Inc. v. Moceri, 1999 Mass. App. Div. 281; National Lumber Co. v. Dumas, 1999 Mass. App. Div. 241.

 To set out a “meritorious defense,” a party need not “show a certainty of success, [but] there needs to be a fair shot at success, or, more elegantly, ‘an indication that the claim is one “worthy of judicial investigation because raising a material question of law meriting discussion and decision, or a real controversy as to essential facts arising from conflicting or doubtful evidence.’”” Tai v. City of Boston, 45 Mass. App. Ct. 220, 222 (1998), quoting in part Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426, 433 (1979) (further citation omitted). Whether the averments in Viera’s second affidavit met this standard is immaterial, because a party is not entitled to Rule 60(b) relief solely because a meritorious defense exists. E.g., Zisler v. Ayan, 1992 Mass. App. Div. 95, 97. Indeed, a party has no right to such relief even if she has clearly satisfied all the Berube factors “as a guide for the court’s exercise of its discretion.” Id., citing Scannell v. Ed. Ferreirinha & Irmao, Lda, 401 Mass. 155, 159-60 (1987); Bird v. Ross, 393 Mass. 789, 791 (1985); and Berube, supra, at 435.