This is an appeal filed by Peter Moccio (“Moccio”) and Trinity Salon & Day Spa, LLC (‘Trinity” and, together with Moccio, the “Plaintiffs”) pursuant to Dist./Mun. Cts. R. A. D. A., Rule 8A. The Plaintiffs appeal the trial judge’s allowance of a motion to remove a default filed by William Higgins (“Higgins”).[2]
The Plaintiffs brought the initial action against Higgins and Rachel Higgins (the “Defendants”)[3] for breach of contract, breach of the covenant of good faith and fair dealing unfair and deceptive business practices. The Defendants were served with a summons and a copy of the complaint on March 31, 2007 “at [their] last and usual place of abode” at 47 Farragut Road, South Boston, MA 02127. The Defendants did not file an answer or other responsive pleading, and the Plaintiffs made an application for the entry of default on April 24, 2007. On May 30, 2007, an entry of default was made against each of the Defendants pursuant to Mass. R. Civ. R, Rule 55(a).
Subsequently, on June 20,2007, Higgins filed a motion to remove the default.[4] The Plaintiffs opposed the motion. In Higgins’s motion, he stated that he failed to respond to the Plaintiffs’ complaint because he thought that the matter had been settled based on an agreement for judgment executed by the Plaintiffs and certain other parties in a separate matter. The matter was a summary process action brought against the Plaintiffs. Higgins was not a party to either the summary process action or the agreement for judgment itself. After a hearing and argument on the motion, the trial judge allowed Higgins’s motion to remove the default.
Under Mass. R. Civ. R, Rule 55 (c), “ [for good cause shown the court may set aside an entry of-default....” It is well established that “[t]he removal of an entry of default under rule 55(c) is a matter ‘addressed to the sound discretion of the trial judge.”’ *86 Burger Chef Systems, Inc. v. Servfast of Brocton, Inc., 393 Mass. 287, 289 (1984) (quoting Silkey v. New England Tel. & Tel. Co., 9 Mass. App. Ct. 816 (1980)). Because the motion is addressed to the trial judge’s discretion, appellate courts will ordinarily defer to the trial judge’s ruling on the motion. Pielech v. Massasoit Greyhound, Inc., 47 Mass. App. Ct. 322, 324-325 (1999) (discussion of Rule 60(b) motion). It is important, however, for the trial judge to exercise this discretion “so as to promote and not baffle an orderly and proper administration of justice, and not to encourage carelessness, ignorance, laxity or finesse of practice in the courts.” Kiley v. Glynn, 2004 Mass. App. Div. 183, 184.
A party seeking the removal of a default must demonstrate both good cause for such removal and the existence of a meritorious claim or defense. Clamp-All Corp. v. Foresta, 53 Mass. App. Ct. 795, 806 (2002); Giuliano v. Vacca, 2004 Mass. App. Div. 154, 156. In addition, a party moving to set aside a default must accompany the motion with an affidavit setting forth the facts and circumstances that form the basis for the motion. New England Allbank for Savings v. Rouleau, 28 Mass. App. Ct. 135, 140 (1989). Higgins satisfied neither requirement here. His only assertion was his understanding that the agreement between the Plaintiffs and the parties in the summary process action also applied to him and resolved the issues in the Plaintiffs’ action against him.
Thus, Higgins failed to demonstrate either good cause for the removal of the default or a meritorious defense. In addition, he failed to submit an affidavit that set forth the facts and circumstances justifying the removal of the default. The trial judge, who issued no findings of fact in connection with the allowance of Higgins’s motion, was undoubtedly aware of the “normal favorability generally held by [cjourts to have a trial on the merits.” See Dahlke v. City of Springfield, 1988 Mass. App. Div. 186, 187. As the motion to remove the default did not comport with the unambiguous requirements of Mass. R. Civ. R, Rule 55(c), however, allowance of the motion was an abuse of the trial judge’s discretion.
Accordingly, we vacate the trial judge’s allowance of Higgins’s motion to remove the default The default entered against Higgins is reinstated.

 Higgins did not file a brief in this appeal.

 There were additional named defendants in the original action that are not parties to this appeal.

 Rachel Higgins neither joined the motion nor filed her own motion to remove the default entered against her.